CATHERINE GIES v. WILLIAM S. GREEN ET AL.

*Execution for deficiency on foreclosure—Bill of review.*

An execution for deficiency on foreclosure should not be issued without special application to the court, and notice to the defendant.

The purchaser at an execution sale under a personal decree for a deficiency on foreclosure, is not properly a party to a bill of review.

A bill of review concerns the original controversy only and does not cover subsequent proceedings.

Appeal from Wayne. Submitted Oct. 22. Decided Oct. 30.

BILL for rehearing, and for vacating a personal decree for a deficiency on foreclosure, and execution and levy thereon. Defendants appeal.

*F. A. Baker* for complainant. A personal decree on foreclosure is erroneous in awarding execution before the report of sale is made, and without a special application showing a right to it, *Howe v. Lemon,* 37 Mich., 164; parties not affected by a decree need not be made parties to a bill of review, *Bank of U. S. v. White,* 8 Pet., 262.

*Henry M. Cheever* for defendants and appellants. All whose interests are to be affected or concluded by a decree should be parties to a bill of review, *Pierce v. Faunce,* 47 Me., 507; *Lovejoy v. Irelan,* 17 Md., 525; *Chamberlain v. Lyell,* 3 Mich., 448; *F. & M. Bank v. Bronson,* 14 Mich., 361; *Horton v. Ingersoll,* 13 Mich., 409; all should be made parties to a bill of review who are necessary to make the determination complete, Story's Eq. Pl., § 16 *a*; Mitford's Eq. Pl., 164; *Palk v. Clinton,* 12 Ves., 58; *Hawkins v. Hawkins,* 1 Hare, 543; 2 Barb. Ch. Pr., 173; *Poore v. Clark,* 2 Atk., 515; *Cockburn v. Thompson,* 16 Ves., 325; *Hammontree v. Lott,* 40 Mich., 190; *Miller v. Thompson,* 34 Mich., 12; *Payne v. Avery,* 21 Mich., 524.

COOLEY, J.   My brethren think the decree in this case should be affirmed.   They are of opinion that, if the facts are as complainant states, she had no reason to expect that a personal decree would be taken against her on a demand on which she was not personally liable, and we all agree that the execution which was taken out for the deficiency, after the foreclosure sale, without special application to the court and notice to complainant, was issued without authority of law.

It is objected that the purchaser at the execution sale is not made a party.   But as he was no party to the original controversy and is in no way connected with the merits, he would be an improper party to a bill which proposes merely to re-examine them.   Nor in this suit can the title of Mrs. Gies to the lands sold be litigated:   the questions in this suit will concern the original controversy, only, and cannot take notice of the subsequent proceedings.

The decree must be affirmed with costs.

The other Justices concurred.