## JOHN RITTER v. ELIZA RITTER.

*Release of title fraudulently obtained.*

A man made a deed, but did not record it or authorize it to be recorded.  It was fraudulently put on record, however, and he filed a bill to have it declared void and the interest conveyed by it released.  The court below refused a release, but held that he had reserved a life interest to himself which it enjoined defendant from disturbing.  *Held* that he was entitled to a release.  If he had delivered the deed, the grantee was the owner in fee simple; if not, she had no interest.

Appeal from Wayne.  Submitted October 22.  Decided October 30.

BILL to set aside a deed. Complainant appeals.

*Henry M. Cheever* for complainant.

*Atkinson & Atkinson* for defendant cited 4 Kent's Com., 445; *Belden v. Carter,* 4 Day, 77; *Thatcher v. St. Andrew's Church,* 37 Mich., 269; *Ellis v. Secor,* 31 Mich., 187; a grantor is not entitled to have his deed cancelled merely because he meant it to be operative only at his death, *Wallace v. Harris,* 32 Mich., 380; *Alsop v. Eckles,* 81 Ill., 425; *Foster v. Mansfield,* 3 Met., 415; delivery of a deed is valid if made by the grantor's wife who signs with him, 3 Washb. R. P., 584.

MARSTON, J. The bill of complaint in this case was filed to have a certain deed executed by complainant to defendant, but not delivered, and fraudulently recorded, declared void, and defendant required to release to complainant all interest in the premises. The prayer of complainant for a release was denied, and the court being of opinion that in making the deed to defendant complainant reserved to himself the use of the premises until his death, decreed that he have a life estate therein and enjoined defendant from any interference therewith.

Under the pleadings in this case, and the deed of conveyance which was in the usual form, we do not quite see how a life estate only could be given to the complainant. If there was a delivery of the deed the defendant was the absolute owner in fee simple of the property, while if the deed was not delivered she had no interest whatever therein. A careful examination of the evidence satisfies us that the complainant never delivered or authorized the delivery or recording of this deed. Of this we have no reasonable doubt. It follows therefore that complainant is entitled to the relief sought, and a decree will be entered accordingly, with costs.

The other Justices concurred.