### WILLIAM B. RANSOM v. JAMES B. SUTHERLAND.

*Execution for deficiency on foreclosure—Practice—Retainer does not extend beyond decree—Costs.*

Execution for deficiency can issue against the defendant in foreclosure only on a sworn petition or application in writing, reciting the facts which give the right to it, and praying the court to direct its issue.

An application for the issue of an execution for deficiency on foreclosure must be served, wherever practicable, on the defendant against whom the relief is sought, and notice must be given him of the time when the application will be presented; if personal service cannot be had, the court may direct substituted service on a showing of the facts.

Retainer of a solicitor is not presumed to cover proceedings taken subsequent to the decree and for its enforcement.

A defendant in foreclosure against whom execution is sought for a deficiency can resist the application only on grounds that are not inconsistent with the decree and such as usually operate in its discharge.

An answer to an application for an execution for deficiency on foreclosure must state the grounds of objection thereto, and must be sworn to and placed on file.

If an answer to an application for an execution for deficiency on foreclosure presents matter of discharge, complainant may take issue on it, and in proper cases the court may order a reference to take proofs.

A decree in foreclosure adjudging defendant personally liable for a deficiency, taken together with the report of the deficiency, make out a *prima facie* case against him; and on resisting an application for an execution against him he has the burden of showing matter in discharge of the decree.

Where both parties in a chancery proceeding mistook the practice, and there were no special equities in defendant's favor, he was allowed, on reversal, to recover the costs of printing the record and his brief in the Supreme Court, but in other respects each party was left to pay his own costs.

Appeal from Berrien. Submitted June 29. Decided July 1.

Motion for execution for deficiency on foreclosure. Defendant appeals. Reversed.

*Clapp & Fyfe* for complainant.

*N. A. Hamilton* for defendant.

Cooley, J. The misapprehension in respect to the proper practice in this case has been such as to necessitate a reversal of the order which is appealed from.

In August, 1879, Ransom took decree against Sutherland and others in a foreclosure case. The decree adjudged

Sutherland to be personally liable upon the mortgage debt. A sale under the decree of all the land described therein was made October 8, 1879, and the commissioner reported a deficiency, after applying the purchase money on the decree and costs, of $583.61. December 30, 1880, complainant's solicitors served on the solicitor who had appeared for Sutherland in the foreclosure case a notice that on the third day of January, 1881, they would move the circuit court for an execution against Sutherland for "such deficiency as may remain unsatisfied on the decree rendered in this cause." The notice stated that the motion would be based "on the files, decree, report of sale and subsequent proceedings had in said cause." At the time specified said solicitor for defendant appeared and objected that no notice of the motion had been personally served on the defendant. This objection was overruled, and time was allowed to answer the motion. January 19, 1881, the solicitors being in court, defendant's solicitor moved to dismiss the application for the want of any proper showing that complainant was entitled to execution. This was denied. He then assumed to file an unsworn answer for the defendant, denying any indebtedness, but the terms of the denial were obviously such as to dispute the justice or validity of the decree, and of course presented no issue which was then material. The complainant produced the decree and the report of sale and deficiency as evidence of his right to an execution, and the court ordered that an execution issue. Sutherland appealed.

The whole proceeding was informal; and while it might have been sustained had no objection been made at the time, the irregularities are such as the defendant had a right to take advantage of. The application should have been made on sworn petition, reciting briefly the facts giving the right to an execution, and praying the court to direct its issue. It is not absolutely essential that the application take the form of a petition; but it should be in writing and under oath, and it should be served on the party against whom execution is sought, with notice of the time when it will be presented. The service should be on the defendant in per-

son, wherever that is practicable; for presumptively the retainer of a solicitor in a cause does not extend to proceedings taken subsequent to the decree for its enforcement. If personal service on the defendant is impracticable, the court, on a showing of the facts, may direct a substituted service.

When the defendant is brought in on petition and notice, if he contests the right to an execution, he should file his answer setting out the grounds of his objection. It is hardly necessary to say that these must be grounds not inconsistent with the decree and usually such as operate in its discharge : the validity or justice of the decree cannot be inquired into on such an application. The answer, like the application, should be on oath, and if it present matter of discharge, the complainant may take issue upon it, and the court in proper cases may order a reference to take proofs. But in such a case the burden of proof to show discharge must be on the defendant, for the decree adjudging the defendant personally liable, and the report of the deficiency, make out a *prima facie* case against him.

The order appealed from must be reversed. As the costs are in our discretion, and nothing in the record indicates that defendant is relying upon any matter of discharge, we are not inclined to award full costs. Both parties seem to have mistaken the practice, and there are no equities apparent which entitle the defendant to special consideration. The order will therefore be reversed, and the defendant may recover the costs of printing the record and brief in this court, but in other respects each party will be left to pay his own costs.

The other Justices concurred.