GEORGE C. WALLACE v. CHARLES B. FIELD AND HELEN M. FIELD.

*Execution for deficiency on foreclosure sale.*

| 56 | 3 |
| 102 | 97 |

| 56 | 3 |
| 108 | 376 |

| 56 | 3 |
| 111 | 234 |

| 56 | 3 |
| 112 | 133 |
| 112 | 386 |

| 56 | 3 |
| 120 | 623 |

| 56 | 3 |
| 124 | 70 |

1. A decree of foreclosure merges the mortgage and the debt which it secures, and determines the amount of defendant's debt; and in resisting the issue of execution for deficiency defendant cannot attack the validity or regularity of the foreclosure proceedings, nor treat the order confirming the sale as void, so long as it has not been set aside.

2. A decree of foreclosure and the commissioner's report of a deficiency on the sale establish a prima facie case for the issue of execution for such deficiency.

3. Proceedings to obtain an execution for the deficiency on foreclosure must be taken by sworn petition for the writ; and must be resisted by a sworn answer thereto stating objections that are consistent with the decree, but operative for its discharge. Issue can be taken on such answer by replication, if necessary; and a reference can be had to take proofs.

4. Complainant in foreclosure has ten years after the decree within which to take out an execution for the deficiency on the sale.

Appeal from Eaton. (Hooker, J.) Jan. 7.—Jan. 21.

FORECLOSURE bill. Defendant Field appeals. Affirmed.

*Leavitt & Albrecht* for complainant. Proceedings for an execution for deficiency on foreclosure are new and supplementary and not in continuation of the foreclosure: Jennison's Ch. Pr. 463; *Johnson v. Shepard* 35 Mich. 122; *Mickle v. Maxfield* 42 Mich. 304; Rev. Stat. 1838 p. 376 § 105; How. Stat. § 6702; *Dunkley v. Van Buren* 3 Johns. Ch. 330; *Brown v. Thompson* 29 Mich. 72; *Howe v. Lemon* 37 Mich. 164.

*Keating & Dickerman* for defendant appellant.

SHERWOOD, J. On the 8th day of August, 1877, a decree upon the foreclosure of a mortgage was rendered in the circuit court for the county of Eaton, in favor of the above

complainant and against the defendants, for the sum of
$1408.86, with costs of the suit, which were subsequently
taxed upon the stipulation of the solicitors for the respective
parties, at the sum of $76.47. Said decree was duly enrolled
on the 10th day of January, 1878. On the 5th day of March,
1878, in pursuance of said decree, the circuit court commis-
sioner of said county sold the mortgaged property to satisfy
the same, and received thereon, as the proceeds of such sale,
the sum of $1100, leaving a deficit upon said decree (after
paying that amount upon the decree, and the interest, costs
and expenses) of $580.88. The sale was duly confirmed on
the 27th day of March, 1878.

The decree requires the defendant, Charles B. Field, to
pay the deficiency, if any, after making sale of the property,
and authorizes an execution to be issued therefor. No appeal
was ever taken from the decree, or from the order of con-
firmation of the sale, or exception taken to the commissioner's
report. On the 10th day of May, 1884, this complainant
made and filed his petition in said circuit court, praying that
execution might be issued for such deficiency and the inter-
est thereon. A copy of the petition was duly served upon
the defendant Charles B. Field, who appeared and made
answer to the petition, assigning eighteen reasons why the
relief prayed for should not be granted. Those relating to
the validity or regularity of the proceedings to decree cannot
be attacked in this proceeding. The petitioner appeared in
that case and answered the bill, and was present at the hear-
ing, and took part in the proceedings then had. The note
and mortgage were both merged in the decree made, which
finally determined the amount of the defendant's indebted-
ness.

The decree contained the usual clause providing for a sale
of the mortgaged premises to satisfy the amount found due
in default of payment. Such default was made, and in pur-
suance of the decree the mortgaged premises were advertised
and sold with the result above mentioned. An order con-
firming the sale was duly made and entered. The amount
of the deficiency was stated in the commissioner's report, and

an execution for such deficiency was authorized to issue by the decree. The order of confirmation has never been modified or vacated; neither has any proceeding ever been taken (so far as the record shows) for that purpose. This order cannot be treated as void for irregularities until set aside or revoked in some manner by the court.

The petition now under consideration seems to be a proper one to obtain the execution authorized by the decree. The defendant has been served with a copy of it and has appeared. The practice in these cases requires the defendant, if he desires to contest the plaintiff's right to execution, to file his answer setting out the grounds of his objection. These grounds must not be inconsistent with the decree. The validity of the decree or its justice cannot be attacked or inquired into. The answer should contain grounds which usually operate in its discharge, and, like the petition, should be on oath. The complainant can take issue upon such an answer, and if necessary, have a reference to take proofs. The decree and report of deficiency make out a prima facie case for the writ. *Ransom v. Sutherland* 46 Mich. 489.

No replication to the answer, however, is necessary, unless proper matter is set up in the answer in discharge of the deficiency or some part thereof. The proceedings after decree, in making the sale, having been duly confirmed, can no more be attacked in this proceeding, unless void, than the decree itself, and the defects claimed in the answer, being irregularities only, cannot avoid. 1 Barb. Ch. Pr. 596; Jennison Ch. Pr. 246, 272, and cases cited; *Hunt v. Wallis* 6 Paige 371. There is no laches in the case. The complainant had ten years after the decree within which to make his claim by execution. The presumption that the plaintiff could not have made his claim had he made his application sooner, is much stronger than that he had forgiven to the defendant this indebtedness. The order made in the case by the circuit judge must be

Affirmed.

The other Justices concurred.