WILLIAM HALDANE v. MARTIN L. SWEET.

*Execution for deficiency on foreclosure.*

A foreclosure decree fixes the amount due on the obligation and security, and is a final adjudication on that point; and no objections can be made to the issue of execution for a deficiency unless they arose after confirmation of the foreclosure sale and recognize the decree and go to its discharge.

Appeal from Kent. (Montgomery, J.) Oct. 30.—Nov. 11.

FORECLOSURE bill. Defendant appeals. Affirmed.

*Norris & Uhl* for appellant.

*Blair, Kingsley & Kleinhans* for appellee.

SHERWOOD, J. This case is an appeal from an order made by the circuit court in chancery for the county of Kent, allowing an execution to issue for the collection of a deficiency arising upon a sale made of mortgaged premises under a decree of foreclosure. The proceedings in the case to decree were

before us at the October term, 1884, and were by this Court duly affirmed. The mortgage was given for the purchase money of the incumbered property, which was conveyed to the defendant by complainant by full covenant warranty deed, the consideration being $21,000. The defendant in the foreclosure suit answered the complainant's bill, and filed a cross-bill, praying that the purchase of the property and sale thereof to the defendant might be set aside or rescinded on the grounds—*first*, that the defendant's purchase of the property was made under duress; *second*, that the title to the mortgaged premises at the time of the purchase was defective. The circuit court made the usual decree on foreclosure and dismissed the cross-bill, and decreed that the defendant was personally liable for the entire amount due upon the mortgage and notes, and that he should be required to pay the deficiency which, as reported by the commissioner making sale under the decree, amounted at that time to the sum of $11,091.43. The sale was duly confirmed by the circuit court.

The petition for the order appealed from was based upon the prior proceedings in the case, which show that no objections or exceptions to said sale or to said report were ever taken, and that the order of confirmation became absolute, and no cause was ever shown to the contrary. The defendant appeared and made answer to the complainant's petition for the order in question, and claims therein his right to make the following defenses: *first*, that the mortgaged premises are misdescribed in his deed thereof executed by complainant to him; *second*, that at the time said deed was made they were subject to an easement, it being an alley across a portion thereof, which had been acquired by user; *third*, that the complainant in fact had no title, but was merely a mortgagee in possession, with his mortgage debt paid by the receipt of rents and profits; *fourth*, that the rear part of the premises were vacant, and possession thereof was not given to the defendant, but was in the constructive possession of other persons having a paramount title. The defendant further claims that such being the situation of the title when he purchased the mortgaged property and received his deed therefor and

gave the mortgage, the covenants of the complainant's deed were broken as soon as the same was delivered, and inasmuch as the proceedings to enforce payment of a deficiency after a foreclosure and sale of the land are substantially a substitute for an action at law for the same purpose, justice and equity alike require that he should be permitted to make the defense he now claims, and especially should he be allowed so to do in this case, as the deficiency arose in consequence of the defects claimed in the title; the property selling for less than half its actual value.

The circuit judge overruled the defense offered, and directed that execution issue for the amount found due and unsatisfied upon the decree. This direction was proper, and must be sustained. The defenses now set up to defeat the relief prayed in the complainant's petition were urged on the hearing when the original decree in this case was made, and again in this Court on the appeal, and were overruled, and they cannot be renewed on this petition. This Court held that if defendant had any claim upon the covenants in his deed, he should be left to his suit thereon, and we see no occasion for holding differently now. *Haldane v. Sweet* 55 Mich. 196. All the defenses now urged existed before the suit in this case was commenced, and were known to the defendant and set out in his cross-bill. If the claims now made were available in reduction of the complainant's demands, he should have secured their application before decree. The decree necessarily involved the determination of the amount due on the notes and mortgage and must be regarded as a final adjudication of that matter. *Hazen v. Reed* 30 Mich. 331; *Wales v. Lyon* 2 Mich. 276. In this class of cases, where the defendant contests the right of complainant to an execution, "the grounds of contest must not be inconsistent with the decree, but must be such as recognize the decree and go to its discharge." Those only can be urged which have arisen after confirmation of the sales. *Ransom v. Sutherland* 46 Mich. 489.

The order made by the circuit judge must be affirmed with costs.

The other Justices concurred.