EDWARD CORNING AND ANNA CORNING, EXECUTORS, ETC., v. FRANK S. BURTON ET AL.

[See *ante*, 86.]

*Mortgage foreclosure—Execution for deficiency—Jurisdiction.*

1. A petition for an execution for deficiency cannot be resisted on grounds inconsistent with the decree.

2. A subsequent purchaser of mortgaged premises, who in his deed had assumed and agreed to pay the mortgage, claimed the right on the hearing of a petition for an execution for deficiency to question the return of service of the original subpoena, he having denied in his answer to the petition that the subpoena was served upon him. And it is held that said defendant might have had the question of the validity of the decree determined by a proper motion before enrollment, or

upon bill of review after enrollment, in which case all persons interested should be made parties; but that such question was not open for hearing in said ancillary proceeding.

Rehearing, upon application of defendant Dickerson, of case reported in 102 Mich. 86. Submitted on briefs January 8, 1895. Former decision affirmed April 16, 1895. The facts are stated in the main opinion.

*H. P. Smith* (*Camp & Brooks* and *W. G. Gage*, of counsel), for complainants.

*Brooke & Spalding*, for defendant Dickerson.

HOOKER, J. Upon a rehearing of the above cause the defendant Dickerson claims the right to question the return of service of the original subpoena in the foreclosure case, having denied, by his answer, that any service was made upon him.

It has been indicated in several cases that the validity of the decree cannot be questioned in this proceeding. *Ransom v. Sutherland,* 46 Mich. 489; *Wallace v. Field,* 56 Id. 3; *Haldane v. Sweet,* 58 Id. 429. The defendant might have the question of the validity of the decree determined by a proper motion before enrollment, or upon bill of review after enrollment. In such case all interested should be made parties, and complete relief to all could be given. We think either would be a better practice than to open the question to an informal hearing in an ancillary proceeding, and therefore adhere to the doctrine stated in the cases cited, viz., that petition for execution for deficiency cannot be resisted on grounds inconsistent with the decree.

The other Justices concurred.