JEHLE *v.* BROOKS.

1. MORTGAGES—FORECLOSURE—DEFICIENCY.

  A defendant in foreclosure cannot, in proceedings for the issuance of an execution for a deficiency, call in question the validity of the decree.

2. SAME—DECREE—TAXES AND INSURANCE.

  Taxes and insurance moneys paid after the commencement of foreclosure proceedings, and before the decree therein, are properly included in the amount for which foreclosure is awarded, where the mortgage provides for their payment, and that the amount so paid shall be a lien.

3. SAME—PERSONAL LIABILITY—NOTICE—CHANCERY RULES.

  A purchaser of mortgaged property, who is made a defendant in foreclosure proceedings as one having or claiming to have an interest in the premises as subsequent purchaser or incumbrancer or otherwise, as provided by Chancery Rule No. 91, against whom a personal decree is sought, and who is notified of that fact as provided by Chancery Rule No. 122, is sufficiently advised of an intent to hold him personally liable for a deficiency after sale; it not being required that the bill should in such cases specifically allege the facts from which the personal liability is sought to be established.

4. SAME—ASSUMPTION OF MORTGAGE DEBT.

     A provision in a deed of mortgaged land, warranting the premises except as to the mortgage, which the grantee "assumes," renders the grantee personally liable for the mortgage debt.

Appeal from Kent; Grove, J.   Submitted February 4, 1897.   Decided March 17, 1897.

Bill by Fritz C. Jehle against Harry A. Brooks, impleaded with Henry Principaal and Mary Brooks, to foreclose a mortgage. Defendant Harry A. Brooks appeals from an order awarding an execution for a deficiency. Affirmed.

*Frank W. Hine*, for complainant.

*Everett D. Comstock*, for appellant.

MOORE, J. This is an appeal from a decree rendered in a proceeding for a personal decree and the issuing of an execution for a deficiency in a foreclosure case. The original foreclosure proceeding was commenced by the complainant against all the defendants in this proceeding. The mortgage which was foreclosed was made by Henry Principaal. His grantee sold to Harry A. Brooks. The defendant Mary Brooks is the wife of Harry A. Brooks. Harry A. Brooks was brought in as a subsequent purchaser. His interest was stated in the bill of complaint as required by Chancery Rule 91. The subpœna contained an underwriting, as required by Chancery Rule 122, claiming a personal decree against Harry A. Brooks and the maker of the mortgage. Harry A. Brooks was personally served with the subpœna. None of the defendants appeared in the case. Their defaults were entered; a decree was rendered; the land was sold. It did not bring enough to pay the amount of the decree, and a petition was filed for a personal decree and the issuing of an execution against Harry A. Brooks and Henry Principaal. Proper service was had upon

Harry A. Brooks. He appeared and answered in the proceeding. A decree was rendered against him for the deficiency, from which decree he appeals.

All the errors assigned have been considered, though we may not discuss them all here. It has been repeatedly held that the validity of the decree cannot be questioned in this proceeding. *Ransom* v. *Sutherland,* 46 Mich. 489; *Wallace* v. *Field,* 56 Mich. 3; *Haldane* v. *Sweet,* 58 Mich. 429; *Corning* v. *Burton,* 102 Mich. 96. It is urged, however, that as there was no averment in the bill of payment by complainant of taxes and insurance, and as an amount was included in the decree of foreclosure for insurance and taxes paid by complainant, the decree was invalidated, and can be questioned in this proceeding. The record shows these amounts were paid after the bill was filed and before the decree, and were included in the report of amount due. The mortgage provided for the payment of taxes and insurance, and that the amounts so paid should be a lien, and we think it was proper to include the amounts so paid in the decree. *Payne* v. *Avery,* 21 Mich. 524; *Vaughn* v. *Nims,* 36 Mich. 297; *Howe* v. *Lemon,* 37 Mich. 164; *Johnson* v. *Van Velsor,* 43 Mich. 208; *Hanford* v. *Robertson,* 47 Mich. 100; *Walton* v. *Hollywood,* Id. 385.

It is urged that the bill of complaint did not allege such facts as showed a personal liability on the part of Harry A. Brooks to pay any portion of the mortgage debt, and that a personal decree for the deficiency is void, and can be attacked in this proceeding. The interest of Harry A. Brooks was stated in the bill of complaint in the language required by Chancery Rule 91. The bill of complaint prayed for a personal decree against him for the deficiency. He was advised, as required by Chancery Rule 122, that a personal decree was prayed for against him. If he desired to contest the rendition of a personal decree, he should have appeared in the original proceeding. The deed conveying title to Mr. Brooks contained these words, after the warranty clause: "Except a mortgage of twenty-six

hundred dollars, given by Henry Principaal to Fritz C. Jehle, which second party assumes." It is claimed by Mr. Brooks that this is not such an agreement as makes him responsible for the debt secured by the mortgage, or . for any deficiency upon the foreclosure of the mortgage. If the proceedings were in a condition which would allow him to raise the question, we could not agree with him in his construction of this language. We think it an assumption of the mortgage debt, and an agreement to pay it. *Schley* v. *Fryer*, 100 N. Y. 71; *Winans* v. *Wilkie*, 41 Mich. 264; *Corning* v. *Burton*. 102 Mich. 86 and cases there cited.

We do not discover any prejudicial error in the proceedings. The decree is affirmed.

The other Justices concurred.