WALKER *v.* WAYNE CIRCUIT JUDGE.

MORTGAGES—ASSIGNMENT OF DECREE.

After decree in a mortgage foreclosure suit, one of the mortgagors applied to B. for $3,000 to purchase the decree. B. paid that amount to the mortgagee, and one of the mortgagors paid the necessary balance, and B. took from the mortgagee an assignment of the mortgage and decree. There was no agreement as to when the $3,000 should be repaid, or extending time before which sale should be made, or limiting the right of B. in any way to enforce the decree. *Held,* that this did not amount to the making of a new mortgage, so as to require a new decree before sale.

*Mandamus* by Bryant Walker, administrator, etc., to compel Willard M. Lillibridge, circuit judge of Wayne county, to vacate an order restraining a foreclosure sale. Submitted April 6, 1897. Writ granted April 27, 1897.

*Walker & Spalding*, for relator.

*S. W. Burroughs* and *Moore & Moore*, for respondent.

LONG, C. J. In 1886, George T. Burroughs executed and delivered to the People's Savings Bank of Detroit a mortgage upon certain real estate described therein, conditioned for the payment of $3,000 three years after date, with interest at 7 per cent., payable semi-annually. Default having been made, the mortgage was duly fore-

closed in chancery, and a decree entered therein. The
defendant, not being able to pay the decree, applied to
Mrs. Caroline M. Beecher on March 24, 1892, for $3,000,
to purchase said decree. Mrs. Beecher paid the $3,000 to
the bank; Mrs. Lucie E. Burroughs, one of the defendants
in the foreclosure, paying the balance to the bank of
$707.65. Mrs. Beecher took from the bank an assignment
of the mortgage and decree. No agreement was made
as to the time when the $3,000 should be repaid, nor was
any agreement made extending the time before which
a sale should be made under said decree, or limiting the
right of Mrs. Beecher in any way to enforce the decree,
and no obligation whatever was taken from Mrs. Lucie
E. Burroughs for the moneys so advanced. Subsequently
Mrs. Beecher assigned the mortgage and decree to Mr.
E. C. Walker, administrator, etc. On notice to the de-
fendants in the decree, the cause was revived in the name
of Mr. Walker. Subsequent to that time Mr. Walker
died, and proceedings were duly taken, and the cause
was revived in the name of the relator as administrator.
Interest was paid from time to time upon the decree up to
April 25, 1896. No interest since that date has been paid.
There is no uncertainty about the amount due and
unpaid upon the decree. On February 5, 1897, in pursu-
ance of the terms of the decree, the relator commenced to
advertise the sale of the lands described in the decree for
the purpose of satisfying the amount of the decree and
interest. On February 27th, Lucie E. Burroughs filed a
petition in the cause for an order restraining the relator
from selling under the decree, the claim being that the
assignment of the decree and mortgage under the cir-
cumstances here stated amounted to the making of a new
mortgage of $3,000, and that, therefore, a new proceeding
for foreclosure must be had before sale. The relator
answered the petition, and upon the petition and answer
the court enjoined the sale. Application is made here for
*mandamus* to compel the respondent to set aside that
order, and allow the sale to proceed under the decree.

We think the court below was in error in holding that a new foreclosure must be had before sale could be made. The assignment of the decree under the circumstances herein stated did not operate to discharge the decree, and make a new mortgage. The parties had had their day in court under the foreclosure. The amount due on the mortgage had been adjudicated, and the mortgage was merged in the decree, which finally determined the amount of the defendant's indebtedness. *Wallace* v. *Field*, 56 Mich. 3. The amount of the indebtedness was not changed by the assignment, and the payment upon the decree only lessened its amount. It did not change the character of the decree. If the moneys had been paid by Mrs. Burroughs to the bank, confessedly the bank could have sold for the balance due on the decree without another foreclosure. The assignment to Mrs. Beecher, and from her to Mr. Walker, and the transfer from him to the relator, put the relator in the same position that the bank stood, and with the same right to sell under the decree.

The writ must issue as prayed.

The other Justices concurred.