SIMONS *v.* McDONNELL.

1. MORTGAGES—FORECLOSURE—PERSONAL LIABILITY—PLEADINGS.
   Where a foreclosure bill sets out in full the promissory note
   accompanying the mortgage in suit, and asks that defendant
   pay any balance remaining due thereon if the sale of the
   mortgaged premises should fail to produce sufficient to pay
   the debt, and that in such case complainant have execution
   for the balance, a decree declaring defendant personally liable
   for the payment of the amount found due is within the plead-
   ings.

2. SAME—FORM OF DECREE—DEFICIENCY.
   A decree in foreclosure proceedings finding defendant person-
   ally liable for the payment of the amount found due, but not
   directing the payment of the balance, if any, after sale, is
   not open to the objection that it constitutes a decree for a
   deficiency before it is ascertained that a deficiency will exist.

3. SAME—HUSBAND AND WIFE.
   Although a wife joins with her husband in the execution of a
   note and of an accompanying mortgage, no personal decree
   can be rendered against her in foreclosure proceedings,
   where she signed merely to waive her dower, having no
   other interest in the property.

Appeal from Oakland; Smith, J.   Submitted February
9, 1899.   Decided July 11, 1899.

Bill by David W. Simons against Henry P. McDonnell,
John J. McDonnell, Nelson K. Riddle, Patrick H. Mona-
han, and their respective wives, to foreclose a mortgage.
From a decree for complainant, adjudging the named de-
fendants personally liable for the payment of the debt,
they appeal.   Affirmed.

*Junius Ten Eyck* (*Alfred Lucking*, of counsel), for
complainant.

*Brennan, Donnelly & Van De Mark*, for appellants.

LONG, J. This appeal is taken by Henry P. McDonnell, John J. McDonnell, Nelson K. Riddle, and Patrick H. Monahan, four of the defendants, from a decree in a foreclosure case. The other four defendants in the bill are their respective wives. The bill prays:

"And that the said above-named defendants herein pay to your orator any balance that shall remain due to your orator of the principal and interest of said note and indenture of mortgage, if the sale of said mortgaged premises as aforesaid fail to produce sufficient to pay the whole of said mortgage debt and the costs of this suit, and that in such case your orator have execution for the collection of such balance, and the costs thereon, according to the rules and practice of this court."

The mortgage in suit was accompanied by a promissory note signed by all the defendants. This note is set out in the bill as follows:

"$13,000.00.            DETROIT, MICH., April 1, 1895.

"For value received, we severally and jointly promise to pay to the order of David W. Simons the principal sum of thirteen thousand dollars ($13,000.00) on or before the 20th day of January in the year nineteen hundred and two, without grace, with interest at the rate of six per cent. per annum from January 20, 1895, payable on the 20th day of July next and semi-annually thereafter until the whole of said principal sum is paid," etc.

The decree of sale recites that:

"There is due to the complainant at this date upon the note and mortgage mentioned and set forth in the bill of complaint, for principal and interest, the sum of fifteen thousand seven hundred and six dollars and fifty-six cents; and that the said defendants, Henry P. McDonnell, John J. McDonnell, Nelson K. Riddle, and Patrick H. Monahan, are personally liable for the payment thereof," etc.

It is contended that the decree finds that the four defendants who bring this appeal are personally liable for the whole amount of the mortgage debt, and therefore for any unpaid balance remaining after the sale of the property to satisfy the mortgage. It is therefore contended:

1. That, under the pleadings, the court had no jurisdiction to enter a personal decree at any time.

2. That the personal liability of the defendants could not be established, at any rate, in the original decree of foreclosure and sale.

3. That, inasmuch as the complainant asked the court to decree that all the defendants pay any balance remaining unpaid upon the sale, the court had no power to enter a decree against any number of the defendants less than all.

We think the averments of the bill as above set out are sufficient to warrant the decree made. The defendants were the mortgagors. The note was signed by all of them, and accompanied the mortgage. The decree fixed the amount due on the note and mortgage. The decree necessarily involved the determination of the amount due. *Haldane* v. *Sweet*, 58 Mich. 431. This the court found to be, by the decree, $15,706.56. The defendants had the right in this proceeding to show that the amount was less, or that there was no personal liability on their part to pay it. These questions are always open in the foreclosure proceedings. *Ransom* v. *Sutherland*, 46 Mich. 492; *Wallace* v. *Field*, 56 Mich. 3.

Counsel for defendants cite section 6702, 2 How. Stat., and claim that under it the court had no power to establish the liability for any balance until on the coming in of the report of sale, and that the court had no authority to enter a decree for deficiency until it should be ascertained that there would be a deficiency. The decree does not direct the payment of any unpaid balance after sale. It simply determines the amount due from the mortgagors on the note and mortgage, and that the defendants named are personally liable for the amount. It is true that in *Vaughan* v. *Black*, 63 Mich. 215, it was held that the personal liability of a party collaterally liable for the payment of a debt secured by a mortgage on real estate could not be absolutely fixed in the original decree of foreclosure. But that is not this case. Here the parties were the mortgagors, and had made the note accompanying the mortgage.

It appears that the wives of the parties appealing had no rights in the property, other than dower, and that they signed the mortgage for the purpose of waiving their dower rights. The court found very properly that they were not liable on the note. It was the note of the husbands, and no personal decree could be rendered against the wives.

The decree of the court below must be affirmed.

The other Justices concurred.