FIELD *v.* SAGINAW CIRCUIT JUDGE.

1. MORTGAGES—FORECLOSURE—PETITION FOR DEFICIENCY EXECU-
   ·TION—NATURE OF PROCEEDING—NOTICE.
   The proceedings on a mortgagee's petition for a deficiency exe-
     cution, authorized by 1 Comp. Laws 1897, § 517, are merely
     supplementary to the principal suit; therefore, the court hav-
     ing jurisdiction of the parties in the foreclosure suit may
     prescribe the kind of notice, and method of service, to be
     employed by petitioner in such proceedings.

2. SAME—NONRESIDENT DEFENDANT—SUFFICIENCY OF SERVICE.
   A nonresident defendant who was duly served in the principal
     suit, and who, after a deficiency was reported, was served per-
     sonally, though outside the State, with a copy of a petition
     for a deficiency execution, and was informed as to the time
     set for the hearing, cannot complain of such service as invalid
     merely because no order for a substituted service was first
     procured.

*Mandamus* by Asa W. Field, receiver of the estate of
George B. Wiggins, insolvent, to compel Byron A. Snow,
circuit judge of Saginaw county, to vacate an order quash-
ing the service and proceedings under a petition filed by
relator for an execution for a deficiency arising under a
mortgage foreclosure.    Submitted April 3, 1900.    Writ
granted May 15, 1900.

*Humphrey & Grant,* for relator.

*Weadock & Purcell,* for respondent.

HOOKER, J.    The petitioner was complainant in fore-
closure proceedings wherein John W., John H., and H.
Kirk Howry were (among others) defendants.    They ap-
peared in the case by resident counsel, who required and
received a copy of the bill, but did not answer, and a
decree was taken *pro confesso.*    This decree recited that
they were personally and primarily liable for the debt, and

that, unless they should pay the same, the premises should be sold, and a report of sale, including any deficiency, should be made by the commissioner. It was further decreed that "the right is reserved to John W. Howry, John H. Howry, and H. Kirk Howry, and to each of them, to make the defense that they have been discharged in bankruptcy, in any proceeding that may be hereafter had or taken to enforce any deficiency that may be reported by the commissioner in his report of the sale." A deficiency was reported. All of these three defendants were nonresidents of the State, and each was personally served with a copy of the petition for execution, and the notice of hearing the same, at a place not within this State. No order for a substituted service was procured, but this was waived, so far as it could be, upon the hearing. Copies of the petition and notice were also served upon the solicitors who had represented the defendants in the foreclosure case. They appeared specially, and moved to quash the service and proceedings as invalid, and this motion was granted. We are asked to compel the court to vacate that order, and proceed to hear the questions raised by the petition.

The right to a decree for a deficiency remaining after sale, and application of the proceeds of mortgaged premises to the debt secured, depends upon statute. See Laws of 1833, p. 361, § 37 (Rev. Stat. 1838, p. 376, § 105); 1 Comp. Laws 1897, § 517; *Lawrence* v. *Fellows*, Walk. Ch. 470; *Johnson* v. *Shepard*, 35 Mich. 122; *McCrickett* v. *Wilson*, 50 Mich. 516 (15 N. W. 885). See, also, 9 Enc. Pl. & Prac. 451, 452; *McCarthy* v. *Graham*, 8 Paige, 480. Where the bill alleges the necessary facts and contains the requisite prayer, and a subpœna, accompanied by the proper underwriting, is personally served upon a defendant, the court may, in its original decree, determine the question of personal liability for a deficiency. *Outhwite* v. *Porter*, 13 Mich. 540; *Johnson* v. *Shepard*, 35 Mich. 123; *Gies* v. *Green*, 42 Mich. 107 (3 N. W. 283); *Booth* v. *Insurance Co.*, 43 Mich. 299

(5 N. W. 381); *Ransom* v. *Sutherland*, 46 Mich. 492
(9 N. W. 530); *Jehle* v. *Brooks*, 112 Mich. 131 (70 N.
W. 440); *Ward* v. *Obenauer*, 119 Mich. 17 (77 N. W.
305); *Simons* v. *McDonnell*, 120 Mich. 621 (79 N. W.
916). Such decree is final, and cannot be afterwards
questioned, except upon rehearing or bill of review.
*Johnson* v. *Shepard*, 35 Mich. 125; *Ransom* v. *Suther-
land, supra; Haldane* v. *Sweet*, 58 Mich. 429 (25 N. W.
383); *Wallace* v. *Field*, 56 Mich. 3 (22 N. W. 91);
*Corning* v. *Burton*, 102 Mich. 97 (62 N. W. 1040); *Jehle*
v. *Brooks*, 112 Mich. 133 (70 N. W. 440); *Ward* v.
*Obenauer, supra; Simons* v. *McDonnell, supra.* Be-
fore payment can be decreed or execution issued, the
amount of the deficiency must be adjudicated, after the
report of sale has been made. *Johnson* v. *Shepard,
supra; Howe* v. *Lemon*, 37 Mich. 166; *Gies* v. *Green*,
42 Mich. 108 (3 N. W. 283); *Ransom* v. *Sutherland,
supra.* That is the object of the proceeding commenced
by the petition.

The crucial question in the case is whether the defend-
ants are properly before the court. It is contended on
their behalf that no absolute decree for the payment of a
deficiency can be made, except on personal service of a
copy of the sworn petition, and notice of the time and
place of hearing. We have cases which hold that a
decree *in personam* cannot be made where the defendant
is not personally served with proper process. *Booth* v.
*Insurance Co., supra; Gies* v. *Green, supra; Vaughan*
v. *Black*, 63 Mich. 218 (29 N. W. 523); *Ransom* v.
*Sutherland, supra.* But, where this has been done, not
only have we held that the decree is final, but also that a
substituted service may be made in the supplementary
proceeding. It is true that this has been called a *"new
proceeding,"* but it has always been considered supple-
mentary. *Johnson* v. *Shepard, supra; Ransom* v.
*Sutherland, supra; Shelden* v. *Barlow*, 108 Mich. 377
(66 N. W. 338); *Prentis* v. *Richardson's Estate*, 118
Mich. 259 (76 N. W. 381). And the cases seem to con-

template that something less than personal service will support an execution for the deficiency, which could hardly be said if it were not that the court had already jurisdiction of the parties by the service of the original process. *Ransom* v. *Sutherland, supra; McCrickett* v. *Wilson,* 50 Mich. 515 (15 N. W. 885). The statute has not provided for a service of any particular kind, or by any prescribed method, in such cases; and we are of the opinion that the court might prescribe the kind of notice, and method of service, and, although it did not in this case, the notice actually given being a copy of the petition, and information as to the time set for hearing, served personally upon each defendant and the solicitors, such notice is all that any court could require, and the omission of the order may be treated as an irregularity, which, under the facts in this instance, was waived. There are many other States where the practice of rendering decrees for deficiencies rests upon statutes. In others it is based upon the general rule that equity has power to render full relief when it has jurisdiction of the cause for foreclosure. In others the practice is based upon rules of court, which seems to imply that the original subpœna gives adequate jurisdiction, but that justice requires notice of the supplementary proceeding. In New York, from which it is said that our statute is derived (see *Prentis* v. *Richardson's Estate,* 118 Mich. 262 [76 N. W. 382]), it appears to be unnecessary to wait for confirmation of the report. *McCarthy* v. *Graham,* 8 Paige, 480; *Bank of Rochester* v. *Emerson,* 10 Paige, 115.

In this case, then, there was substantially a substituted service. We think it was sufficient to support proceedings upon the petition.

The writ is granted.

The other Justices concurred.