judge was quite right in directing a verdict in favor of the probate of the will.

Judgment affirmed.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.

---

MILLER v. McLAUGHLIN.

SAME v. WALKER.

APPEAL OF HUBBARD.

MORTGAGES—FORECLOSURE—DEFICIENCY—PETITION—SUBSTITUTED SERVICE—SUFFICIENCY.

Substituted service of a petition for a deficiency decree on foreclosure of a mortgage is sufficient as against a defendant personally served with a subpœna in the foreclosure suit.

Appeal from Wayne; Donovan, J. Submitted April 6, 1906. (Docket No. 21.) Decided May 24, 1906.

Bills by Sidney T. Miller, trustee, against Joseph R. McLaughlin, Robert J. McLaughlin, Collins B. Hubbard, and others, to foreclose certain mortgage securities, and by the same complainant against Bryant Walker, trustee, Louise M. Jebb, and the Detroit Savings Bank to enforce a trust. The suits having been consolidated and a decree entered for complainant, defendant Hubbard appeals. Affirmed.

These suits were brought to foreclose certain real estate mortgage and collateral securities, and resulted in a de-

cree for foreclosure, by which this appellant, Collins B. Hubbard, with other defendants, was decreed to be personally liable to pay any deficiency that might accrue therein. A sale was had, resulting in a deficiency of nearly $50,000. Hubbard was personally served with subpœna in the foreclosure proceedings, and appeared therein by solicitor, and made a stubborn defense, including several appeals to this court.

Petition for execution for deficiency was filed, and Hubbard having taken up his residence in New York, complainant filed a petition asking for an order for substituted service upon him of the petition for deficiency and notice of hearing of the same; thereupon it was ordered, "that service of the petition of said Sidney T. Miller, trustee, for an execution for deficiency against the said defendant Collins B. Hubbard, heretofore filed in this court in the above-entitled cause, consolidated, and notice of hearing and presentation thereof be had by serving a copy thereof upon Willis G. Clarke, Esq., who was solicitor for said defendant Collins B. Hubbard in the above-entitled cause, consolidated, and by depositing in the United States mail, with postage thereon fully prepaid, a copy of said petition and notice of hearing thereof addressed to said Collins B. Hubbard at 10 Wall Street, New York, New York, and that said service of a copy of the said petition upon said Willis G. Clarke, Esq., and the depositing of a copy of said petition in the United States mail addressed to Collins B. Hubbard, as above set forth, shall be made four days before the presentation and hearing of said petition for execution for deficiency, to this court."

Service was made in accordance with said order. Hubbard appeared specially and answered the petition for deficiency, claiming that the substituted service aforesaid was not correct chancery practice and was not due process of law within the meaning of the Constitutions of Michigan and the United States. Decree for deficiency was entered, whereupon this appeal was taken.

*Miller, Smith, Alexander & Paddock*, for complainant.

*Willis G. Clark*, for appellant.

MONTGOMERY, J. In this case we are asking to overrule the well-considered case of *Field* v. *Saginaw Circuit Judge*, 124 Mich. 68. This we decline to do. The order appealed from is affirmed, with costs.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.

---

BOARD OF SUPERVISORS OF GRAND TRAVERSE COUNTY
*v.* ALLYN.

COUNTIES — SURVEYORS — RECORDS — DEPOSITORIES — OFFICE OF REGISTER OF DEEDS.

> The board of supervisors of a county may properly designate the vault in the office of the register of deeds as the place where the records of county surveyor are to be kept when not in use by the surveyor, as provided by Act No. 79, Pub. Acts 1905, and are not required to provide such a vault for the surveyor's exclusive use.

Certiorari to Grand Traverse; Mayne, J. Submitted April 10, 1906. (Calendar No. 21,535.) Decided May 24, 1906.

Mandamus by the board of supervisors of Grand Traverse county to compel Ernest H. Allyn, county surveyor, to keep the field notes and records of his office in a depository under Act No. 79, Pub. Acts 1905. There was an order granting the writ, and respondent brings certiorari. Affirmed.