## THE KEYSTONE LUMBER & SALT MANUFACTURING CO. v. GEORGE E. DOLE.

*Contract—Apportionment—Damages for non-performance.*

Exceptions to a charge for misstating the testimony should indicate in what respect the statement was erroneous.

An express contract to pay a certain sum per thousand for running certain logs, and for floating a part of them into the main stream, is not divisible and cannot be apportioned, part to running the logs and part to supplying the water; and in an action on the contract the measure of recovery would be the full contract price as agreed less any damages from breach of any part of the contract.

Where a contract is express no provision can be implied.

Failure to perform a contract to furnish water for floating logs is not excused by an accident whereby the dam was broken, if the contract does not provide for accidents, nor if it is a continuing contract and the dam can be repaired in time for substantial compliance.

Error to Saginaw. Submitted April 16. Decided April 21.

ASSUMPSIT. Defendant brings error.

*Scofield & Webster* for plaintiff in error. Where the performance of a contract is prevented by inevitable accident, damages are not recoverable, *Taylor v. Caldwell* 3 B. & S. 826; *Dexter v. Norton* 47 N. Y. 62; *Wolfe v. Howes* 20 N. Y. 197; *Clarke v. Moore* 3 Mich. 55; *Cuddy v. Major* 12 Mich. 368; *Mich. Central R. R. v. Burrows* 33 Mich. 6; damages for work done on a contract partially performed are measured by the rate in the contract less the damages from failure of full performance, *Howell v. Medler* 41 Mich. 641; *Allen v. McKibbon* 5 Mich. 449; *Wildey v. School District* 25 Mich. 419; *Wilson v. Wagar* 26 Mich. 452; *Hosmer v. Wilson* 7 Mich. 294; *Bragg v. Bradford* 33 Vt. 35; *Kearney v. Doyle* 22 Mich. 294.

*Wisner & Draper* for defendants in error.

Marston, C. J. Five errors are assigned in this case. All of them cannot be considered, as the exceptions taken do not support them. The exceptions are as follows:

"Defendant by his counsel excepted to the charge on the ground that it was a misstatement of the testimony and calculated to mislead the jury.

"And he also excepted to the charge as not a correct statement of the facts admitted in the case."

Thus far the exceptions are general and to the whole charge. Counsel should in the exceptions taken have pointed out in what respect the statement of facts as embraced in the charge was erroneous. Had such a misstatement been made, and the attention of the court directed thereto, we cannot doubt but that prompt correction would have been made. There are some peculiarities about this case which perhaps may throw some light upon one of the principal questions raised.

Dole, who was plaintiff below, sought to recover the agreed price for running, during the spring of 1879, a quantity of logs for the Keystone Company. To this action a plea of the general issue with notice of set-off was interposed. The set-off was the agreed price for certain logs run by the Keystone Company in the spring of 1878 for Dole. To this claim Dole on the trial did not dispute the running of some logs under a contract to pay therefor the price claimed, but he also claimed that there were certain of the same lot of logs in Johnson creek; that the Keystone Company, from a dam therein above these logs, which that company controlled, agreed to furnish water to float these logs out of the creek into the main stream; that in consequence of a break in the dam the Keystone Company did not furnish water, and that he was thereby delayed and put to great expense in running these logs out of the creek, and that defendants did not run such logs as they had agreed; and Dole also gave evidence tending to show that it was only worth one-half the contract price for the Keystone Company to run his logs in the spring of 1878, but that he

agreed to pay the larger sum because of the agreement to furnish water.

The court charged the jury, if they found as a fact that it was worth fifty cents a thousand, the agreed price, that amount should be allowed the Keystone Company. If worth only twenty-five cents, then to allow defendant at that rate, *and against this amount* allow the plaintiff Dole his damages by reason of the failure of defendant to furnish water.

This was very clearly erroneous. The contract was express to pay fifty cents a thousand to the Keystone Company for running the logs, and in addition thereto furnishing a supply of water for a certain other purpose. This contract was not divisible. A portion of the agreed consideration could not be applied to running the logs and another part to the supplying of water, and it being express none could be implied.

Whether the Keystone Company fully performed the contract in all respects or not, yet they would be entitled to recover the agreed contract price for the logs run, less any damages the other party sustained on occasion of the breach.

In this case the effect of the charge was to charge the defendant double damages for not supplying the water, by withholding the consideration therefor, and allowing plaintiff his damages in addition thereto.

It was also a material question whether the Keystone Company could be held responsible for a failure to supply water because of the break in the dam, and authorities were cited that an inevitable accident, occurring without negligence or want of care, would be an excuse.

Undoubtedly this would be so in many cases. Yet I am of opinion this case does not come within the rule. The duty to furnish water was not cast upon the defendant by law, but by its own contract, and such accidents were not guarded against. The contract within certain limits might be considered as a continuing one.

The company might with reasonable diligence have repaired the dam, and thus supplied the water, if not at the time agreed, shortly after, but it does not appear that any effort in that direction was made.

For the error pointed out the judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.