JONATHAN W. SEARLES v. CARL REED.

*Sunday contract—Non-joinder of defendant.*

In this case the judgment below was affirmed. For reasons see opinion.

Case made from Eaton. (Hooker, J.)   Argued October 21, 1886.   Decided November 4, 1886.

Assumpsit.   Judgment for defendant affirmed.   The facts are stated in the opinion.

*George. W. Mead,* for appellant.

*Shriner & Fox,* for defendant.

SHERWOOD, J.   The plaintiff in this case declared upon all matters provable under the common counts in assumpsit, and for goods sold and delivered, and specially upon a promissory note given by the defendant to the plaintiff for $50, with interest, dated September 7, 1885, and due in ninety days from date.

Defendant pleaded the general issue, and gave notice that the goods sold, mentioned in the declaration, were sold under a special contract, whereby the plaintiff, in consideration of the purchase of the goods, agreed to let the defendant have

the use of an engine to propel a machine for threshing beans, at the sum of one dollar per day during the season for threshing; and that, in consideration of such promise and a bean-thresher, the defendant agreed to give $50 for the thresher, to secure the payment of which the note was given; and that the plaintiff afterwards refused the use of the engine to defendant as promised, to his damage $100.

The cause was commenced before a justice of the peace, and, on the trial before him, the plaintiff recovered judgment for $50 and costs.

The cause was then appealed by defendant to the Eaton circuit, and there tried before Judge Hooker, by jury, and a judgment directed for the defendant by the circuit judge, on the ground that the contract declared upon was made by the plaintiff with the defendant and one Worden for the property, and that, therefore, there was a non-joinder of defendants; and that the express contract, having been made on Sunday, was void, and therefore no contract could be implied, and, such being the fact, no recovery could be had under the declaration.

We think the ruling of the circuit judge was correct.

If any contract is shown from the acts and conduct of the parties which could in any manner be enforced, it certainly was not with Mr. Reed alone. *Adams v. Hamell*, 2 Doug. 73; *Tucker v. Mowrey*, 12 Mich. 378; *Benedict v. Bachelder*, 24 Id. 425; *Allen v. Duffie*, 43 Id. 1; *Winfield v. Dodge*, 45 Id. 355; *Ward v. Willson*, 3 Id. 1; *Brazee v. Bryant*, 50 Id. 136; *Van Fleet v. Van Fleet*, Id. 1; *Galloway v. Holmes*, 1 Doug. 330; *Keystone L. & S. Manuf'g Co. v. Dole*, 43 Mich. 370.

The judgment of the circuit court must be affirmed.[1]

The other Justices concurred.

[1]Plaintiff sued defendant and one Elmer J. Worden in justice's court, and declared against the *defendants* as stated in the opinion. On the trial the plaintiff was allowed to discontinue as to defendant Worden, and amend the process and pleadings, and proceeded to final judgment against Reed as sole defendant, who appealed to the circuit court.