LETITIA DILLENBECK v. THOMAS B. SIMONS ET AL.

*Pleading—Non-joinder of parties.*

The question as to a non-joinder of parties defendant must be raised, if at all, by a plea in abatement.

Error to Midland. (Dodds, J.) Submitted on briefs April 18, 1895. Decided May 21, 1895.

*Assumpsit.* Upon the trial, defendants sought to raise the question of non-joinder of defendants, which defense the court ruled could not be made under the general issue . From a judgment for plaintiff defendants bring error. Affirmed.

*George J. Cummins,* for appellants.

*W. A. Burritt,* for plaintiff.

McGRATH, C. J. The case of *Searles v. Reed,* 63 Mich. 485, does not change the rule that the question as to a non-joinder of parties defendant must be raised, if at all, by plea in abatement. In that case suit was brought in justice's court against Reed and one Worden upon a Sunday contract. On the trial there, plaintiff discontinued as to Worden, and took judgment against Reed, who appealed to the circuit. Upon the trial in the circuit, plaintiff insisted that Reed was liable upon an implied contract growing out of negotiations with plaintiff prior to the Sunday in question. The trial court, however, held that it clearly appeared that an express contract was entered into between plaintiff, on the one part, and Reed and Worden, on the other; that the contract was made on Sunday, and therefore void; that the law would not imply a contract in such case; and directed

a verdict for defendant. This Court affirmed the judgment. Plaintiff had in that case commenced suit against two parties, who were liable jointly, if at all, in which case judgment against one was unauthorized.

Judgment affirmed.

The other Justices concurred.