FRANCIS G. HAMER ET AL. V. McKINLEY-LANNING LOAN & TRUST COMPANY.

FILED NOVEMBER 18, 1897.   No. 7449.

1. Hearing Upon Motions: ORAL EVIDENCE.   It is within the discretion of the district court to take testimony orally for the determination of issues of fact arising upon motions, and not a right of either party to compel the adduction of such testimony.   NORVAL, J., dissents.

2. ———: ———.   *Held*, that under the facts of this case there was no abuse of discretion in refusing to hear oral testimony.

3. Judicial Sales: DEPUTY SHERIFF.   A deputy sheriff may act for his principal in making a foreclosure sale.   *Nebraska Loan & Building Ass'n v. Marshall*, 51 Neb., 534, followed.

4. ———: APPRAISEMENT.   The failure to obtain certificates and deduct incumbrances in appraising land for the purpose of a foreclosure

49

sale is not prejudicial to the defendants, owners of the equity. *La Flume v. Jones*, 5 Neb., 257, followed.

5. ——: DESCRIPTION OF LAND: NOTICE. The omission of the word "north" after the number of the township, in describing land offered for sale under decree of foreclosure, does not invalidate the notice of sale, where the description is not thereby rendered ambiguous. (*Nebraska Land, Stock-Growing & Investment Co. v. Cutting*, 51 Neb., 647.)

6. Foreclosure: LIENS: MODIFICATION OF DECREE: APPEAL. Where liens are improperly decreed to exist, the remedy is by modification or vacation of the decree or appellate proceedings, and not by resistance to the confirmation of the sale.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J. *Affirmed.*

*F. G. Hamer,* for plaintiffs in error.

*William Gaslin,* contra.

IRVINE, C.

This is a proceeding in error to review an order confirming a foreclosure sale. The defendants, before the sale, filed a motion to vacate the appraisement, alleging, among other things, that certain persons had conspired together and with the appraisers to bring about an unduly low appraisement. An application was made for a hearing of this motion on oral evidence, to be adduced before the court or a referee to be appointed for that purpose. This motion was overruled and the action of the court in that behalf is the ground of the most important assignment of error. Since the argument of this case it has been held (*Kountze v. Scott*, 52 Neb., 460) that the taking of testimony orally in court on a motion to discharge an attachment is a matter resting within the discretion of the trial court, and not a matter of right of the parties. While section 236 of the Code has special reference to evidence on motions to discharge attachments, and, therefore, to a large extent governed the decision of that case, still the inquiry there was whether

that special provision conferred the right to adduce oral testimony, and not whether by reason thereof such right, if it otherwise existed, was curtailed. The decision is, therefore, authority for holding in this case that the hearing of a motion to vacate an appraisement upon oral testimony rests within the discretion of the court and is not an absolute right of one or both of the parties. The long-established practice has been to prove facts necessary for the determination of motions by affidavit, and it would be somewhat remarkable, if the legislature had intended to establish a right to another method of proof, that it should not have expressly so enacted; yet, instead of so doing, it expressly enacted that affidavits might be used upon a motion. (Code of Civil Procedure, sec. 370.) It is with great force suggested that on such an issue as was here presented, where, if the charges were true, the proof would have to be extorted from the lips of reluctant witnesses, the method of proof by affidavit is manifestly inadequate. We have no doubt, however, of the power of the court in such cases to compel the attendance of witnesses, and to conduct a hearing orally, using all the usual means to ascertain the facts, including cross-examination. But it must also be remembered that wherever an affidavit may be used so may a deposition, including expressly among such cases the hearing of motions. (Code of Civil Procedure, sec. 372.) In this way unwilling witnesses may always be compelled to testify, and a cross-examination be secured. In view of these provisions we are quite sure that it is not only the law, but properly and safely the law, to repose in the trial court the discretion of determining whether a resort should be had to the adduction of oral testimony, or whether, on the other hand, the ordinary method of proof is sufficient. In the case before us we do not think that this discretion was abused. While quite serious charges of conspiracy were made, and supported by the affidavit of one of the defendants, the matters charged were of such a nature that they could not have been within his

personal knowledge. Indeed his affidavit discloses that they were in part at least made on information obtained from third persons. Each of the persons charged with participating in the conspiracy, by affidavit, squarely denied the charges and specifically traversed each detail thereof. The trial court was justified in believing that under the circumstances the further expenditure of time in pursuing the inquiry would be fruitless.

It is assigned as error that the appraisers were sworn to appraise, not the interest of the owner of the equity, but that of another defendant who had previously conveyed the property. This was not called to the attention of the district court either in the motion to vacate the appraisement or to set aside the sale, and we therefore cannot here consider it.

Another objection made was that the sale was made by a deputy, and not by the sheriff himself. The deputy may act for his principal in such matters. (*Nebraska Loan & Building Ass'n v. Marshall*, 51 Neb., 534.)

It is said that one of the certificates of incumbrances was made by the county clerk, whereas in Buffalo county there is a register of deeds who should have made it. The certificate itself appears to be by the register of deeds, and we can find no support in the record for this assignment, beyond the fact that in the printed form on which the appraisement was returned there appears a line for the insertion of liens shown by the county clerk's certificate, and this line even is left blank in the return.

Objection is made because no certificate was obtained from the treasurer of the city of Kearney. We can find no proof that the land sold is within the city, but if that be true the omission to procure certificates and deduct liens is not a matter of which the defendants can complain. (*La Flume v. Jones*, 5 Neb., 257; *Craig v. Stevenson*, 15 Neb., 362; *Smith v. Foxworthy*, 39 Neb., 214.)

It is contended that there is a variance in the description of the land as between the decree and the notice of sale. This consists merely in the designation "north"

after the number of the township, which appears in the decree and is omitted in the published notice. This is no variance. (*Nebraska Land, Stock-Growing & Investment Co. v. Cutting*, 51 Neb., 647.)

Next, it is said that the sheriff improperly undertook to apply a surplus remaining after the payment of plaintiff's debt to the discharge of a certain judgment, without proof that such a judgment existed or that the person to whom payment was made was the owner thereof, and furthermore, that such judgment, if it existed, had become dormant. Assuming that these would be reasons for setting aside the sale if well founded in fact, they cannot be urged here, for the decree adjudged this judgment to be a valid lien in favor of the party to whom it was paid. This was an adjudication which could only be set aside by appellate procedure from the decree itself, or by proper proceedings in the district court to modify the decree.

Other questions are raised, but they were all determined adversely to the plaintiffs in error in a recent case between practically the same parties. (*Nebraska Land, Stock-Growing & Investment Co. v. McKinley-Lanning Loan & Trust Co.*, 52 Neb., 410.) It is therefore unnecessary to restate them.

AFFIRMED.