### BEASORE *v.* STEVENS.

1. PLEADINGS — NONJOINDER OF DEFENDANTS — NO DEFENSE UNDER GENERAL ISSUE.

The nonjoinder of parties, in the absence of a plea in abatement, is no obstacle to a recovery under a general declaration alleging that defendant and another made the contract declared upon.

2. EVIDENCE—COMPETENCY—RELEVANCY—PROOF OF PRIOR TRANSACTIONS.

Where, in an action for the breach of a contract for the sale of certain hay, plaintiff claimed that the contract was made by defendant's son for hay owned by both of them as one job lot, testimony showing that in previous years they had so sold their hay to plaintiff was both competent and relevant.

3. AGENCY—EVIDENCE OF AUTHORITY—QUESTION FOR JURY.

In an action for breach of a contract for the sale of certain hay, the evidence tended to show that plaintiff called upon defendant and his son who lived upon adjoining farms, and was told by them that the hay would probably be sold as one lot; that the son afterwards called on plaintiff and made the contract; that plaintiff sent a baler to defendant's farm who commenced baling the hay without objection from defendant; and that, in subsequent conversations between plaintiff and defendant, defendant did not repudiate the contract

made by the son. *Held,* that the questions of whether the son was authorized to make the contract, or that it was subsequently ratified by defendant, were properly submitted to the jury.

Error to Eaton; Smith, J. Submitted November 19, 1908. (Docket No. 165.) Decided February 2, 1909.

Assumpsit by Peter Beasore against Irving Stevens for breach of a contract for the sale of certain hay. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Garry C. Fox,* for appellant.

*Elmer N. Peters,* for appellee.

MONTGOMERY, J. The plaintiff brought an action to recover for a breach of contract. The special count in the declaration averred that the defendant sold the plaintiff 50 tons of hay at an agreed price per ton, to be delivered thereafter by the defendant to the plaintiff. Failure on the part of the defendant to deliver the hay as agreed was alleged, and damages asked for such failure. The plea was the general issue. On the trial the evidence showed that the negotiations were in the main between the plaintiff and Ernest Stevens, a son of the defendant, and evidence was offered tending to show that on previous occasions the plaintiff had bought the hay of the two parties together, and that in August, 1906, the plaintiff visited the Stevens farms—the two farms lying contiguous—and looked at the hay of the defendant, and also that of Ernest Stevens. On that occasion, plaintiff testifies, the statement was made by one of the Stevenses that the hay would probably all be sold together. The son did not have to exceed 15 to 20 tons for sale. It was undisputed that on the 3d of September Ernest Stevens received a check for $25 to apply on the purchase of this hay, and agreed to the sale of 50 tons of hay, and Ernest Stevens testified that in the talk with plaintiff at the time the con-

tract was made, it was talked that the hay would all go together. The plaintiff later on sent a man in his employ to bale the hay. He went to the premises of the defendant, defendant knowing that he was in the employ of plaintiff, and commenced to bale the hay. After he had baled a portion of the hay, according to the testimony offered by the plaintiff, defendant stated that he could continue to bale the hay, but if he did not succeed in making a sale to plaintiff, that he (defendant) would pay for the baling. There was also testimony of conversations between plaintiff and defendant in which defendant failed to repudiate the transaction, and made no claim that he had not sold the hay. The testimony on the part of the defendant was in sharp conflict with that of the plaintiff in some respects, the defendant and his son testifying that defendant had distinctly stated to his son that he would not sell his hay at the price agreed upon, and that, when the son returned, after having made the sale, he (defendant) declared that he would not let his hay go in at that price. The jury, however, found in favor of the plaintiff, and the defendant brings error.

It is assigned as error that the circuit court permitted testimony showing the previous dealings of the parties, namely, that they had sold their hay previous years together as one job lot. It is claimed that this had no tendency to establish the claim made by the declaration that they sold the plaintiff the hay. It is said it might have been admissible had the issue been whether defendant and Ernest had, on the occasion in question, sold their hay jointly to the plaintiff, but no such issue was in the case. In this counsel are mistaken. This was an action at law, in which the declaration against the defendant was general; and, as there was no plea in abatement, the nonjoinder of the parties was no obstacle to a recovery on a case showing that the defendant and another made the contract declared upon. See *Campbell* v. *Sherman*, 49 Mich. 534, and *Dillenbeck* v. *Simons*, 105 Mich. 373. The testimony was therefore competent and relevant.

The next assignments of error relate to the order of proof.   It is objected that a letter written by Ernest Stevens was admitted in evidence without proof of authority on the part of the defendant.  The answer to this is that we think there was evidence in the case which tended to show that there was an agency, and that the two parties were acting together in the making of the sale of this hay.   It is earnestly contended that there was no such testimony. But without reciting the testimony at length, these facts do appear:   That on the first negotiations it was stated that the hay would be sold together; that the son thereafter went to Eaton Rapids, the residence of plaintiff, and made the contract; that plaintiff later sent a man in his employ to do the baling, and commenced baling the hay of the defendant.   Up to this point, and if this testimony is to go uncontradicted, a jury would hardly hesitate to find, and particularly in view of the previous dealings of the parties, that this contract was made on behalf of both the father and the son, and that the father had either originally authorized the sale, or subsequently ratified it. We have already indicated that we think there was some proof of ratification.   While the case was a close one on its facts, there was sufficient evidence to carry the case to the jury upon all essential elements, and we think no error was committed to the prejudice of the defendant.

Judgment will be affirmed.

BLAIR, C. J., and GRANT, OSTRANDER, and BROOKE, JJ., concurred.