CATHERINE TIEHEN, ADMINISTRATRIX, ET AL., APPELLEES, v. SENORA C. CORNELL, APPELLANT.

FILED JANUARY 29, 1915.   No. 17,906.

1. Mortgages: FORECLOSURE: APPRAISEMENT: CONFIRMATION: REVIEW. Where objections to an appraisement and the confirmation of sale are without merit, it is not reversible error for the trial court to strike them from the files.

2. ———: ———: DEFICIENCY JUDGMENT. A finding in a decree of foreclosure of the amount due from the mortgagor to the plaintiffs, who are the mortgagees, will authorize the court, on confirmation of sale, to render a deficiency judgment. *Crary v. Buck*, 1 Neb. (Unof.) 596.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown* and *R. C. James,* for appellant.

*John C. Mullen* and *Reavis & Reavis, contra.*

BARNES, J.

Appeal from an order of the district court for Richardson county confirming a sale of real estate under a decree of foreclosure, and from the deficiency judgment rendered by the court upon the order of confirmation. No question is presented by the record challenging the validity or regularity of the decree of foreclosure, which contained a finding of the amount due from the defendant, Senora C. Cornell, to the plaintiff, Catherine Tiehen, and the cross-petitioner, the Farmers & Merchants Bank of Verdon.

Nebraska. It appears that the order of sale was issued on the 23d day of April, 1912. The sheriff, together with two other freeholders, appraised the mortgaged premises at the sum of $4,000. The sale was advertised for the 8th day of June, 1912, in the Verdon Vedette, a legal newspaper published in Richardson county, for six consecutive weeks next before the day of sale. On the day of sale the sheriff made return of the order, together with all of the proceedings thereunder, and defendant filed the following objections to the appraisement and confirmation: (1) Because no certificates of liens were filed and deposited with the appraisement before advertising the sale. (2) Because no appraisement of the interest of the defendant was made and filed with the clerk as provided by law. (3) Because the land was not advertised 30 days last before the sale took place, and was not appraised immediately before it was advertised. (4) The land was not described with clearness. The name of the plaintiff did not appear, and the purpose of the sale was not stated. The objections were not signed by the defendant; they were not signed by her attorney, but purported to be signed by L. B. Cornell as her agent. On motion of the plaintiff's attorney, the objections were stricken from the files, and the court made the usual order that cause be shown by the following morning at 9 o'clock why the sale should not be confirmed. The defendant did not further appear, and on the 12th day of June, 1912, the sale was confirmed.

As we view the record, the objections were not well taken. The certificates of liens were waived in writing by the plaintiff, and therefore were not made. The record shows that the land was duly and regularly advertised six consecutive weeks before the day of the sale. The land was clearly described and the plaintiff was named in the advertisement. In fact, the objections were without merit, and the court did not err in striking them from the files. This case should be ruled by *Hamer v. McKinley-Lanning Loan & Trust Co.*, 52 Neb. 705. There was no error in confirming the sale.

On the hearing it was argued that the court erred in rendering a deficiency judgment against the defendant. From an examination of the decree it appears that the findings contained therein were sufficient to authorize the court to render the deficiency judgment for $97.60.

The judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., ROSE and HAMER, JJ., not sitting.