GRAND RAPIDS TRUST CO. v. VON ZELLEN.

1. MORTGAGES—FORECLOSURE—STATUTES—CONSTRUCTION.

Sections 14588, 14620, 3 Comp. Laws 1929, referring to sales in pursuance of court decrees, must be read together, since one supplements the other, and, where inconsistent, provisions of former section are implicdly repealed by latter.

2. SAME—ADJOURNED SALE—COMPLIANCE WITH STATUTE.

Where circuit court commissioner posted notice of adjournment of foreclosure sale for six days at place where sale was to be had, but failed to make public declaration thereof at time and place previously appointed for sale, said attempted adjournment was invalid, and court properly refused to confirm sale made on adjourned day (3 Comp. Laws 1929, § 14588, 14620).

3. SAME—CONFIRMATION OF SALE—EVIDENCE.

Where foreclosure sale on adjourned day was void because of invalid adjournment, purchaser had sold portion of said land to State for highway purposes, and at time of hearing to confirm sale State had paved it, offer to show interests of State and circumstances of sale was properly refused, since foreclosure sale had not been confirmed, and State got no title.

As to sufficiency of notice of postponement of judicial sale, see annotation in L. R. A. 1915B, 640.

Appeal from Baraga; Stone (John G.), J. Submitted June 9, 1932. (Docket No. 60, Calendar No. 36,554.) Decided October 3, 1932. Rehearing denied December 6, 1932.

Mortgage foreclosure proceedings by the Grand Rapids Trust Company, as trustee, against John O. Von Zellen and others. From orders denying confirmation of sale on foreclosure and setting the sale aside, plaintiff appeals. Affirmed.

*Miller, Eldredge & Eldredge* and *Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Matt Peura* (*Walter M. Nelson,* of counsel), for defendants.

McDonald, J. This is an appeal from an order of the circuit court denying confirmation of the sale of lands under a decree of foreclosure in chancery.

Pursuant to the decree, proper steps were taken by the circuit court commissioner of Baraga county to sell the lands in question on April 2, 1929, at the courthouse in the village of L'Anse. On March 25, 1929, the commissioner knew he would be absent from his county on the date of sale. On that day, March 25th, he posted a notice at the door of the courthouse announcing the adjournment of the sale until April 8, 1929. On the adjourned date he conducted the sale and the lands were bid in by the plaintiff. On the hearing of an order *nisi* to confirm the sale, confirmation was refused by the court on the ground that the adjournment was invalid. Thereupon an order was entered setting aside the sale and directing the commissioner to resell pursuant to the decree. From this order the plaintiff has appealed.

In considering the validity of the adjournment, reference must be made to the applicable portions of sections 14620 and 14588, 3 Comp. Laws 1929. Section 14620 provides:

"The sheriff or other officer making such sale shall have power to adjourn the same from time to time, for a reasonable cause and if such adjournment be for more than one week he shall give notice thereof in the newspaper in which the original notice was printed, and immediately following the same, and shall continue a publication of such notices during the time for which such sale shall be adjourned, but shall not be required to post any notice of such adjourned sale except at the place where said sale is to be made."

Section 14588 provides:

"If, at the time appointed for the sale of any real or personal property on execution, the officer shall deem it expedient, and for the interest of all persons concerned, to postpone the sale for want of purchasers or other sufficient cause, he may postpone the same from time to time until the sale shall be completed; and in every such case he shall make public declaration thereof at the time and place previously appointed for the sale, and if such postponement be for a longer time than twenty-four hours, notice thereof shall be given in the same manner as the original notice of such sale is required to be given."

By statute, section 14686, 3 Comp. Laws 1929, sales of real estate in pursuance of a decree of the court are conducted in the same way as sales on execution.

It is the plaintiff's contention that in adjourning the sale for less than one week the commissioner followed the method provided in section 14620, and

did all the statute required him to do by posting a notice at the place of sale announcing an adjournment. Section 14620 makes no provision whatever for notice by posting or publication when the adjournment is for not more than one week. Section 14588 states what shall be done when such an adjournment is taken, but the plaintiff claims that section was repealed by section 14620. We do not believe so. Section 14588 was enacted in 1846 and was still in effect when 14620 was enacted in 1885. It will be observed that the latter statute provides no complete plan as to adjournments; for it makes no provision whatever for adjournments of one week or less. In not doing so it is fair to infer that the legislature intended such adjournments should be governed by the existing law found in section 14588. In some respects the two sections are inconsistent. Where not inconsistent both statutes are in force and effect. Where inconsistent it must be held that the inconsistent provisions of the prior statute were impliedly repealed by section 14620. But the provision in section 14588 relative to public declaration of the adjournment by the sheriff or commissioner at the time and place previously appointed for the sale is not inconsistent with anything in section 14620, because section 14620 is entirely silent on the subject. We must read the two sections together. One supplements the other. So considering them, it plainly appears that the only requirement in adjourning a sale of real estate for not more than one week is that the officer shall be present at the time and place previously appointed for the sale and there publicly announce the adjournment. Nothing further is required unless the adjournment is for a longer time than one week. In the instant case it was for six days. We are not here concerned with applicable provisions of the

statute governing adjournments for a longer period; but, to avoid further misunderstanding, it may be well to say that in all cases public declaration at the time and place appointed for the sale must be made by the circuit court commissioner. Of course that cannot be done if he is absent from his county at the time set for the sale, but the statute, 3 Comp. Laws 1929, § 13715, provides for such a contingency. In this case the circuit court commissioner did not follow any of the applicable provisions of the statutes. His attempted adjournment was invalid and the court was right in refusing to confirm the sale.

After the foreclosure sale, the plaintiff sold a portion of the land to the State of Michigan for highway purposes. At the time of the hearing the State had completed a paved road over the part which it had purchased. The plaintiff offered to show the interests of the State and the circumstances of the sale, but the court refused to receive the evidence. The court was right. The sale was not confirmed. The State got no title.

The order setting aside the sale is affirmed, and the cause remanded for resale pursuant to the decree. The defendant will have costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.