POXSON *v.* POXSON.

1. DIVORCE—ALIMONY—CHANGED CIRCUMSTANCES—MODIFICATION OF DECREE.

Finding of court below that allowance of $175 per month to wife as alimony and for support of child should not be reduced more than $25 per month, under circumstances, is not disturbed, on appeal.

2. APPEAL AND ERROR—CIRCUIT COURT RULES—DECREES APPEALED FROM.

Circuit Court Rule No. 59, § 9 (1931), providing that, where more than one decree has been rendered, appeal from any decree may include review of all prior decrees, at option of appellant, applies only to interlocutory decrees leading up to final decree, but does not apply to final decrees not appealed from.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 21, 1932. (Docket No. 191, Calendar No. 36,830.) Decided December 6, 1932.

Divorce proceedings by Isabelle Andrews Poxson against Charles A. Poxson. On petition of defendant for modification of decree. From order made, defendant appeals. Affirmed.

*Corliss, Leete & Moody (Thomas T. Leete, Jr.,* of counsel), for plaintiff.

*Alfred Lindbloom,* for defendant.

WIEST, J. Under a decree of divorce, granted plaintiff in January, 1926, defendant was required to pay, as permanent alimony to his wife and for the support of their child, the sum of $125 per

---

As to modification of alimony because of changed conditions, see annotation in 44 L. R. A. (N. S.) 1026.

month until September 1, 1926, then $150 per month for one year and thereafter $175 per month.

August 1, 1931, defendant moved the circuit court for a modification of the allowance of $175 per month, alleging change in his circumstances as well as in the circumstances of plaintiff. The friend of the court made an investigation and recommended a reduction to $150 per month. The court also heard the proofs of the parties and made the reduction recommended. Defendant reviews by appeal.

Defendant's salary as a salesman has been reduced to $348.34 per month. Some time ago defendant went into debt in order to purchase stocks when such were considered good investments, and now has the stocks, of small value, and the obligations, to a considerable amount, to pay for the same. He has remarried. During the plentiful years he faithfully performed the order of the court, but, under the lean years, he wants the burden eased.

Plaintiff, since the divorce, has qualified herself for employment, and, at the time of the hearing, was earning the sum of $130 per month. Plaintiff and the now 12-year old daughter live with her parents, and she insists that the allowance of $150 per month is necessary. The friend of the court made a painstaking investigation, and this was supplemented by such proofs as the parties desired to present in open court. The health of plaintiff is not good, and now and for some time she will require the services of a physician. The health of the child is not good. We are loath to disturb the finding in the circuit court.

Counsel for defendant asserts right, under Court Rule No. 59, § 9 (1931), to have full review of the decree granted in 1926, and to that end has included in the record the testimony then taken.

The rule provides:

"In chancery cases, where more than one decree has been rendered, an appeal from any decree may include a review of any or all prior decrees, at the option of the appellant."

Clearly this applies only to interlocutory decrees leading up to final decrees, and is intended to avoid piecemeal appeals. Final decrees, not appealed from, are not at all disturbed by this rule.

The modification of the decree is affirmed, with costs to plaintiff.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.