GRAND RAPIDS TRUST CO. v. VON ZELLEN.

1. MORTGAGES—APPEAL AND ERROR—RES JUDICATA—FORECLOSURE PROCEEDING.

Failure to perfect appeal from decree of foreclosure of a mortgage renders case *res judicata* up to that point and it may not be reviewed on appeal from order confirming second sale.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REGULARITY OF MORTGAGE FORECLOSURE SALE.

Sole question reviewable upon appeal from order confirming second sale after foreclosure is the regularity of the sale, where appeal from decree of foreclosure had been attempted but not perfected and first sale had been declared void, as a final decree is not reviewable where it has become absolute and *res judicata*.

3. SAME—REVIEW OF PRIOR DECREES—INTERLOCUTORY DECREES.

Right of review of prior decrees in chancery cases under Court Rule No. 59, § 9 (1931), applies to interlocutory decrees leading up to final decree, the rule being intended to avoid piecemeal appeals.

4. PARTNERSHIP—DEATH.

Upon death of partner during progress of a case, surviving partner owed duty of looking after interests of partnership.

5. MORTGAGES—FORECLOSURE—DEATH OF MORTGAGOR PARTNER.

Death of a partner during the progress of a mortgage foreclosure proceeding is insufficient ground to set aside foreclosure sale, where it is not brought to the attention of the court until 10 years after its occurrence during which period surviving partner has looked after the interests of the partnership.

6. APPEAL AND ERROR—RECORD OF CASE FROM ANOTHER COUNTY.

Record of case heard in Marquette county and in which stipulation was filed that it was to be governed by results of case appealed from Baraga county is not considered where Marquette case is not properly before Supreme Court although both cases are between the same parties.

7. MORTGAGES—HOLDING OPEN FORECLOSURE SALE.

 Claim that chancery foreclosure sale was not held open for a reasonable length of time is without merit where plaintiff bid property in eight minutes after opening, there being no showing any one was prevented from bidding or that other bidders were present.

8. SAME—ELECTION OF REMEDIES—TRESPASSES AFTER FORECLOSURE SALE.

 Damages for trespasses committed on land after decree of foreclosure but before a valid sale was had pursuant thereto may not be deducted from amount due under mortgage nor be allowed in accounting after such valid sale, where mortgagor had previously elected to sue therefor in trespass action.

Appeal from Baraga; Stone (John G.), J. Submitted April 18, 1934. (Docket No. 139, Calendar No. 37,628.) Decided June 4, 1934. Rehearing denied September 18, 1934.

Bill by Grand Rapids Trust Company, as trustee of Charles E. Cartier and Edward M. Holland, copartners trading under the name of Cartier-Holland Lumber Company, against John O. Von Zellen and Oscar Von Zellen, copartners trading under the name of Arvon Lumber Company, to foreclose a mortgage. From order confirming sale held under decree of foreclosure, defendant John O. Von Zellen and Olga Von Zellen appeal. Affirmed.

 *Knappen, Uhl, Bryant & Snow* and *Miller, Eldredge & Eldredge,* for plaintiff.

 *John O. Von Zellen, in pro. per.*

 *Olga Von Zellen, in pro. per.*

BUTZEL, J. On April 30, 1918, John O. Von Zellen obtained two loans from the First National Bank of Hancock, Michigan, each in the sum of $2,500, and each secured by a first mortgage on timber lands,

one in Baraga county and the other in Marquette county, Michigan. The bank assigned both mortgages to the Cartier-Holland Lumber Company, a copartnership composed of Charles E. Cartier and Edward M. Holland, which entered into a selling and operating contract with John O. Von Zellen and Oscar Von Zellen, copartners trading under the name of Arvon Lumber Company. On January 22, 1921, the Cartier-Holland Lumber Company began suit to foreclose the mortgage on the Baraga county property. Subsequently the Grand Rapids Trust Company, as trustee of the Cartier-Holland Lumber Company, was substituted as plaintiff. Defendants filed a cross-bill, claiming that there was a large amount due to them by way of set-off and recoupment, which, if allowed, would extinguish the mortgage claims. The court denied their claim and entered a decree of foreclosure on May 12, 1924. Defendants then instituted, but failed to perfect, an appeal to this court. They had delayed taking proper action for almost a year after the decree had been filed, and for over six months after the last extension of time had expired. We held that the trial judge had properly refused to sign a "case made" or extend the time for settling and signing the record. See *Von Zellen* v. *Baraga Circuit Judge*, 232 Mich. 568. The foreclosure decree rendered by the circuit court thus became absolute and notwithstanding the efforts made in the present appeal, to reopen the former case, we decline to review a case that has become *res judicata*.

Pursuant to the foreclosure decree, the circuit court commissioner of Baraga county advertised the sale of the lands in question at the courthouse in the village of L'Anse on April 2, 1929. He later adjourned the sale, however, to April 8, 1929, without

making a public declaration of the adjournment at the time and place previously appointed for the sale, and plaintiff bid in the property at that date. Because of the absence of such public declaration of adjournment, the trial judge refused to confirm the sale, and set it aside. On appeal we held that the omission to make such public declaration in accordance with 3 Comp. Laws 1929, §§ 14588, 14620, rendered the sale invalid.

See *Grand Rapids Trust Co.* v. *Von Zellen,* 260 Mich. 341. In the latter case it was also shown that during the period which elapsed between the attempted sale and the time it was set aside, plaintiff had deeded a strip, 400 feet in width, of the land in question, to the State of Michigan for highway purposes, and the State had completed a paved road 200 feet in width, extending over a part of the strip so conveyed. Plaintiff endeavored to show the interest of the State and the circumstances of the sale as ground for confirmation of the sale, but the trial court refused to receive the evidence. We held that the court was correct in its refusal, and that the State received no title. The situation at this stage of the case, therefore, was that a decree of foreclosure had been rendered, and had become absolute. The first sale attempted thereunder was a nullity. It accordingly became necessary to have a new sale.

A second sale was held on January 31, 1933, and the property was again bid in by plaintiff, for a price less than the amount due on the mortgage. The sole question that we can now consider, notwithstanding the three volumes of record and a supplemental record presented to us, is the regularity of the second sale, which was held in accordance with the decree and was confirmed by the trial judge.

Within eight days after the order *nisi* confirming the second sale was entered, defendant John O. Von Zellen filed certain specific objections thereto. Olga Von Zellen, a daughter of Oscar Von Zellen, filed no objections to the order *nisi*, but first appears in the case by the filing of a preliminary notice of appeal. She asserts a right as heir of Oscar Von Zellen, deceased, and makes substantially the same claims as John O. Von Zellen. Therefore, in view of the decision we have arrived at, we need not discuss the motion made to dismiss her appeal. It is unfortunate that appellants, acting in their own proper persons, have seen fit to go to all the trouble and expense of claiming some 61 grounds for appeal, almost all of which relate to the original hearing and to the entering of a decree that has become *res judicata*. We may only consider such questions as affect the regularity of the last sale and its confirmation by the trial judge.

Appellants claim that inasmuch as chancery cases are heard *de novo,* therefore, in reviewing the confirmation of the second sale, we should reopen the entire case. They further contend that under Court Rule No. 59, § 9 (1931), where more than one decree has been rendered in a chancery case, an appeal from any such decree may include a review of any or all prior decrees at the option of appellants. However, this right of review, as granted under the above rule, extends only to interlocutory decrees, leading up to the final decree. As was said by Mr. Justice WIEST in *Poxson* v. *Poxson,* 260 Mich. 625, the rule was intended only to avoid piecemeal appeals. It does not affect a final decree. After a final decree has become absolute and *res judicata,* it is no longer reviewable on appeal. This disposes of appellants' claim that they were forced to trial on a 15-

hour notice, as well as the claim that Oscar Von Zellen, one of the copartners, died after the hearing and before the decree was signed, and that, therefore, the decree was rendered against the dead. We might add that the decree did not run against Oscar Von Zellen personally, nor did it hold him liable for a deficiency. He was represented at the hearing by his attorney, and no mention was made of his death in any of the former appeal proceedings, nor, in fact, at any time prior to the last sale, from the order confirming which this appeal is brought. Upon Oscar's death, John O. Von Zellen represented the copartnership as surviving partner. It was his duty to look after its interests. The death of a copartner during the progress of a case, which is not brought to the attention of the court until 10 years after its occurrence, during which period the surviving partner has looked after the interests of the copartnership, is insufficient ground to warrant setting aside a sale.

Appellants seek to relate the errors claimed in the present appeal to another case, heard by the Honorable Frank A. Bell, circuit judge in Marquette, Michigan, involving foreclosure of the mortgage on the Marquette lands. Had the court in the Baraga county case found, as claimed by appellants, that sums were owing to the latter from the Cartier-Holland Lumber Company, more than sufficient to pay off the mortgage on the Baraga county lands, such surplus might have been applied towards the payment of the mortgage on the Marquette county lands. However, the court did not so find, and the decree became final. The parties entered into a stipulation through their respective attorneys that the Marquette county foreclosure case would be governed by the results of the Baraga county case. Ap-

pellants now make the claim that the stipulation was fraudulently entered into, and have filed in the present appeal the record of the testimony in the Marquette county case. The latter case is not properly before us, and we decline to consider it.

Appellants further claim that the sale was not held open for a reasonable length of time, and that the property was bid in by plaintiff with undue haste, only about eight minutes after the opening of the sale. This was a chancery sale, properly advertised, and there is no showing whatsoever that any persons were prevented from bidding or that there were any other bidders present at the sale. Under the circumstances, there was no obligation to hold the chancery sale open, and there is no merit in appellants' claim of error.

The only other question that we need consider is whether the second sale was irregular as a result of plaintiff's earlier mistaken and ineffectual attempt to sell part of the mortgaged premises to the State of Michigan. In the case reported in 260 Mich. 341, we held that this attempted sale was a nullity, and passed no title. Appellant John O. Von Zellen, on the confirmation of the second sale, introduced into evidence the deed to the State of Michigan, stating that it was an invalid deed. When the court called his attention to the fact that the deed was a nullity and passed no title, he declared that large amounts of timber had been removed from the property without any right or title thereto, and that he had begun a suit against plaintiff and another on October 26, 1932, to recover the damages he had suffered thereby. He claims that the amount of such damages should have been deducted from the sum due under the mortgage. He also contends that the void deed to the State created a cloud on the title,

made the property less valuable, and tended to discourage bidders, who would not want to buy a law suit, and that for this reason the property brought a lesser price at the sale. Appellants could not stand by until after the sale had taken place, and then seek to have it set aside and an accounting rendered, when prior to the sale they had already made an election to recover their damages by a suit in trespass. Other questions raised are without merit and need not be considered.

We believe the trial court was correct in confirming the sale, and its order is herewith affirmed. Plaintiff will recover costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.