SMITH *v.* HEPPNER.

1. JUDGMENT—MORTGAGES—FORECLOSURE—VENDOR AND PURCHASER
—CONFIRMATION OF SALE—QUESTIONS REVIEWABLE.

Upon objections made to the confirmation of a foreclosure sale of a mortgage or a land contract, no question adjudicated by the decree of foreclosure may be considered, nor, ordinarily, matters which might or should have been interposed before entry of decree and no objections to decree itself since the decree of sale is a final adjudication of the rights of the parties, imports verity and is conclusive so long as it is in full force and effect, not modified, vacated or set aside.

2. SAME—VENDOR AND PURCHASER—FORECLOSURE.

Decree of foreclosure of a land contract necessarily involved determination of amount due on notes and contract and must be regarded as a final adjudication of that matter.

3. VENDOR AND PURCHASER — FORECLOSURE — DEFICIENCY — EXECU-
TION.

Execution for deficiency, arising upon sale had after decree of foreclosure, may not be resisted on grounds inconsistent with the decree.

4. SAME—CONFIRMATION OF SALE—QUESTIONS REVIEWABLE.

Purchasers under land contract who did not appeal from final decree of foreclosure but object to order of confirmation of sale are confined solely to the manner of procedure in holding the sale, hence may not question application of proceeds of fire insurance policy, question of interest or any equitable set-off growing out of failure of vendors to give purchasers possession upon redemption from former foreclosure sale under same contract.

5. SAME—FORECLOSURE—PARTIES.

Third party to whom vendor sold land previously bought by purchaser under land contract was a proper but not necessary party to proceedings to foreclose such contract (3 Comp. Laws 1929, § 14021).

6. Parties—Nonjoinder—Judgment.
     Question of nonjoinder of proper parties cannot be raised for
     the first time after entry of final judgment or decree (3 Comp.
     Laws 1929, § 14021).

7. Abatement and Revival—Pleas in Abatement Abolished.
     Pleas in abatement have been abolished in this State (3 Comp.
     Laws 1929, § 14120).

8. Appeal and Error—Nonjoinder of Parties—Waiver—Fore-
   closure—Confirmation of Sale.
     Question as to nonjoinder of a proper party in land contract
     foreclosure proceeding, not having been raised in circuit court
     by motion to dismiss or by answer, was waived and cannot be
     raised for first time on appeal from order confirming sale
     under decree of foreclosure (3 Comp. Laws 1929, § 14120).

Appeal from Macomb; Spier (James E.), J. Sub-
mitted April 28, 1936. (Docket No. 11, Calendar
No. 38,779.) Decided June 16, 1936.

Bill by George W. Smith against John Heppner
and wife and others for foreclosure of land contract
and other relief. Decree for plaintiff. From order
confirming sale, defendants Heppner and wife ap-
peal. Affirmed.

*Sempliner, Dewey, Stanton & Honigman (Thomas
L. Poindexter,* of counsel), for plaintiff.

*Valois E. Crossley,* for defendants.

Potter, J. February 10, 1920, George W. Smith,
plaintiff, sold to John Heppner and Julia B. Hepp-
ner, his wife, on land contract a farm in Macomb
county, consisting of 277.89 acres, for $30,000;
$5,000 was paid down at the time the contract was
executed and the balance of $25,000 was to be paid
at the rate of $1,000 a year on principal commencing
March 10, 1921, besides interest at six per cent. pay-

able semi-annually. When one-half of the principal had been paid, a mortgage was to be given for the balance of the purchase price. The land contract purchasers were to pay all taxes and insurance charges, and possession was to be given to the purchasers on the date of the contract. There was no acceleration clause in the contract, time was not expressly made the essence of the contract, and there was no provision for compounding interest. There was default in payments due upon the contract. Plaintiff brought suit against defendants in circuit court commissioner's court to recover possession of the premises, whereupon Henry Heppner and others filed a bill against plaintiff in the circuit court for Macomb county to restrain an order of restitution and for specific performance of the land contract. Defendant in that proceeding (who is plaintiff herein) filed a cross-bill for foreclosure of the land contract. From the decree rendered in that case in the circuit court, appeal was taken to this court where the decree was modified and affirmed. *Heppner* v. *Smith,* 238 Mich. 245.

The decree of this court found John Heppner and Julia Heppner were the real purchasers, the eviction proceedings should be restrained, and provided for the foreclosure of the land contract in the regular way, the amount due to be $11,539.84, and gave 30 days after sale to redeem.

Sale pursuant to the decree of this court was had by the circuit court commissioner December 27, 1927, at which sale Smith bought in the interest for the amount named in the decree and a commissioner's deed to him was executed. Thereafter, on January 27, 1928, Heppner paid the required sum, with the expenses and charges, to the clerk of the court and redeemed from such sale and ordinarily

would be entitled to the possession of the premises. Possession, however, was not given, though demanded, and Heppner has been out of possession of the premises from the date of the original proceedings up to the present time.

In the meantime, Smith sold the premises to one John Schlaff for $25,000 and received $5,000 down, and Schlaff took possession of the premises in May or June, 1926. The sale by plaintiff to Schlaff was made for cash, to be paid when plaintiff could give a clear title to the premises.

This bill was filed March 13, 1930, alleging there was due and unpaid in accordance with the terms of the land contract $1,000 due March 10, 1928; $1,000 due March 10, 1929; $1,000 due March 10, 1930; $960 accrued interest to March 10, 1928; $3,840 accrued interest from September 10, 1928, to March 10, 1930; $41.20 insurance paid by plaintiff for insurance on the premises,—a total of $7,841.20. Appellants filed an answer but permitted this case to go to decree September 12, 1931.

The premises were sold for $4,000, November 25, 1931. There was due at the date of sale $7,167.57, and a deficiency of $3,167.57 was reported. The record shows the sale was made by Clifford A. John, circuit court commissioner, and he, as attorney for plaintiff, signed for $70.45, the amount of interest from the date of the decree, and, as attorney for plaintiff, signed the receipt for $3,877.10, being the part of the proceeds of the sale remaining after deducting the interest and expenses of the sale. Objections were filed December 10, 1931, to the confirmation of this sale, by Robert M. Dalton, then attorney for defendants, for the reason the decree ordering the sale was void for want of necessary parties and want of jurisdiction; that John Schlaff

was a necessary party to the foreclosure proceedings; that Schlaff claimed he purchased the property in 1925 from plaintiff Smith and in June, 1926, was put in possession by plaintiff Smith; that in circuit court case No. 5542, Schlaff claimed he purchased the property and was put in possession and had an interest in the subject-matter of the litigation and required the defendant therein (who is plaintiff here) to honor his holding in the property; that the property under foreclosure was burdened with the obligations of Schlaff which constitute a cloud upon the title and defendants are unable to obtain a loan to refinance the property pending the removal of the cloud on title; that both plaintiff and defendants herein have notice of Schlaff's interest and he should have been made a party to this foreclosure proceeding, his interest determined and his rights canceled; there being a nonjoinder of John Schlaff as a proper and necessary party, the decree is void for want of necessary parties; that since the rendering of the decree, a fire occurred on the premises and there is $4,500 insurance to apply on the obligation; that plaintiff is withholding and not accepting the insurance from the insurance company to apply in liquidation of the contract; that it is inequitable not to apply the insurance money on the obligations of the contract. All these objections to the confirmation of the decree were overruled and an order entered by the trial court confirming the sale and the commissioner's report of the sale.

Defendants appeal and claim the proceeds from the fire insurance policy paid the vendor should be credited on the contract; that interest should not run on the unpaid purchase price of the land contract during the time the purchaser was kept out of possession by the vendor after vendee had re-

deemed according to the terms of the decree of this court in *Heppner* v. *Smith, supra;* that, whereas, in this case there is a covenant for possession in the contract and the purchaser was kept out of possession after redeeming in compliance with the decree of this court, the purchaser is entitled to an accounting for the use and occupation of the premises in this suit by vendor to foreclose the contract; that where the proof shows that after defendants redeemed from the foreclosure sale by the payment of $11,539.84 as provided in the decree but were prevented from taking possession of the premises by the vendor, it is impossible this court could enter a decree determining the rights of the respective parties when the third party claiming an interest in the premises was not joined in this foreclosure action and there is no showing as to the status of his interest at the present time. On the other hand, appellee contends the questions raised by appellants are not properly before this court; that this is an appeal from an order confirming the sale and that defendants may not in this suit attack the bill of complaint, the final decree, or any proceeding prior to sale, the time for appeal from the final decree having expired; that this case was not settled within one year of the order appealed from; and we may not consider errors not covered by the reasons and grounds for appeal.

Upon objections made to the confirmation of a foreclosure sale of a real estate mortgage or a land contract, no question adjudicated by the decree of foreclosure may be considered. No objection will ordinarily be considered which might or should have been interposed before decree entered. Nor may any objections to the foreclosure decree itself be raised by objections to the confirmation of the

sale made thereunder.   The decree of sale is a final adjudication of the rights of the parties and imports verity, and so long as it is in full force and effect, not modified, vacated or set aside, it is conclusive.

"On an application of this kind the court cannot inquire into the regularity of the foreclosure proceedings, or whether the decree was for a greater or less sum than it should have been.   They must be reached in a different way, as the decree closes the door against such inquiries."   *Bullard* v. *Green,* 10 Mich. 268.

The decree necessarily involved the determination of the amount due on the notes and land contract and must be regarded as a final adjudication of that matter.   *Wales* v. *Lyon,* 2 Mich. 276; *Hazen* v. *Reed,* 30 Mich. 331.

"The validity or justice of the decree cannot be inquired into on such an application."   *Ransom* v. *Sutherland,* 46 Mich. 489.

"The proceedings after decree, in making the sale, having been duly confirmed, can no more be attacked in this proceeding, unless void, than the decree itself."   *Wallace* v. *Field,* 56 Mich. 3.

"Petition for execution for deficiency cannot be resisted on grounds inconsistent with the decree."   *Corning* v. *Burton,* 102 Mich. 96.

These holdings by this court govern and are in accordance with the general rule elsewhere.   *Vance* v. *Lane's Trustee,* 26 Ky. Law Rep. 619 (82 S. W. 297); *Hamer* v. *McKinley-Lanning Loan & Trust Co.,* 52 Neb. 705 (72 N. W. 1041); *Delaware, L. & W. R. Co.* v. *Scranton,* 34 N. J. Eq. 429; *Muckenfuss* v. *Fishburne,* 68 S. C. 41 (46 S. E. 537); *Merritt* v. *Park National Bank of Sulphur,* 77 Okla. 148 (187

Pac. 232); *Miller* v. *Farmers' National Bank*, 94 Okla. 101 (221 Pac. 71); 42 C. J. p. 219.

Appellants did not appeal from the final decree in this case and are in this proceeding, where they object to the order of confirmation, confined solely to the manner of procedure in holding the sale. *Benedict* v. *Thompson*, 2 Doug. (Mich.) 299; *Burt* v. *Thomas*, 49 Mich. 462; *Grand Rapids Trust Co.* v. *Von Zellen*, 267 Mich. 533. They may not, therefore, question in this proceeding the application of the proceeds of the fire insurance policy, the question of interest, or any equitable set-off growing out of the failure of the vendor to give the defendants possession.

While the question is not raised by appellants in the statement of questions involved, it is claimed in appellants' brief that Mr. Schlaff should have been made a party defendant to the action.

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require." 3 Comp. Laws 1929, § 14021.

Schlaff, if his interests were being affected in any way adversely by the litigation in court, could have intervened. *Gillen* v. *Wakefield State Bank*, 246 Mich. 158. Schlaff was a proper party but not a necessary party to this suit. It could make no difference with the relative rights of plaintiff and defendants whether he was made a party to the case or not. The question of the nonjoinder of proper parties cannot be raised for the first time after the entry of final judgment or decree. *City of Goldsboro* v. *W. P. Rose Builders Supply Co.*, 200 N. C. 405 (157 S. E. 58); *Terrace Irrigation District* v. *Overflow Ditch*, No. 1, 69 Col. 362 (195 Pac. 325);

*Schwartzman* v. *Pines Rubber Co.,* 189 App. Div. 749 (179 N. Y. Supp. 284). Formerly, the nonjoinder of parties defendant could be raised only by plea in abatement. *Campbell* v. *Sherman,* 49 Mich. 534; *Butterfield* v. *Gilchrist,* 53 Mich. 22; *Dillenbeck* v. *Simons,* 105 Mich. 373; *Beasore* v. *Stevens,* 155 Mich. 403. Pleas in abatement have been abolished. 3 Comp. Laws 1929, § 14120. The nonjoinder of Schlaff could have been raised by appellants in the circuit court by motion to dismiss, 3 Comp. Laws 1929, § 14120, or by answer. Not having been so raised, it was waived and cannot be raised for the first time here.

Decree affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and TOY, JJ., concurred. BUSHNELL, J., did not sit.